JEFFERSON GENERAL TERM, July, 1849.   *C. Gray, Pratt,*
*Gridley, and Allen,* Justices.

## WIGGINS *vs.* HATHAWAY.

A postmaster is not liable for the malfeasance or embezzlement of his clerks or deputies ; and it *seems* that he is not liable even for their negligence.

He is a public officer, or agent of the government; and as such, the rule of *respondeat superior* does not apply to him.

A postmaster is only held to ordinary diligence in the discharge of the duties of his office. He can only be made liable for losses occasioned by a want of such diligence. And the burden of proof is upon him who alledges negligence, to establish the fact.

He must also show that the loss was the direct consequence of the particular negligence proved.

A postmaster is not liable for the contents of a lost letter, unless he has been guilty of negligence, and the loss was the consequence of such negligence.

MOTION to set aside a nonsuit and for a new trial. The action was brought against the defendant, who was postmaster at Rome, to recover $100 alledged to have been lost, and which belonged to the plaintiff. The first three counts of the declaration charged that the defendant was such postmaster, and that $100 was sent from Lafayette, in Pennsylvania, by mail, in a letter to the plaintiff, addressed to him at Rome; that the same came to the hands of the defendant as such postmaster; that he refused to deliver it; and that "he so carelessly and negligently conducted himself in the premises that through and by his carelessness and negligence the said letter and contents were lost to the plaintiff." The fourth count was in trover for the said $100. On the trial the proof showed that the money was mailed at Lafayette in a letter directed to the plaintiff at Rome, on the 26th January, 1848, and that on the 2d of February the *post-bill* arrived at Rome and was entered and filed; but no evidence was given respecting the letter, subsequent to its being mailed at Lafayette. The plaintiff attempted to show negligence on the part of the defendant, and when the testimony on the part of the plaintiff was closed the court granted a nonsuit, which the plaintiff, upon a case, moved to set aside.

Wiggins *v.* Hathaway.

*W. Barnes,* for the plaintiff. I. The count in trover is support-ed by the evidence. It appears, 1. That the letter was in the defendant's possession. 2. That the plaintiff demanded it, and offered to pay the postage; and 3. That it was not delivered. (1.) A refusal, on demand, is evidence of conversion. (*Cowen's Tr. 2d ed.* 302, *citing* 7 *John.* 254, 257. 9 *Wend.* 167. 10 *Id.* 389. 8 *Pick.* 543, &c.) (2.) The demand and refusal being' only *prima facie* evidence, the defendant may repel it by giv-ing evidence that there was no conversion. No such evidence was attempted to be given in this case, although the *onus* rested on him. (*Cowen's Tr.* 303, *citing* 1 *Cowen,* 322.) (3.) If the defendant has delivered the letter to a wrong person, it is a con-version. (*Cowen's Tr.* 303, 4, *citing* 1 *Cowen,* 322.),

II. The counts for negligence were supported by the evidence, and the evidence should have been submitted to the jury. Is-sue was joined upon the question of negligence—a fact to be inferred from the circumstances proved. If the evidence was proper for the consideration of a jury, the judgment of nonsuit (in a justice's court) will be reversed. (*Clements* v. *Benjamin,* 12 *John.* 299.) The motion for a nonsuit is equivalent to a demurrer to evidence. (5 *John.* 29.) The court will be ex-tremely liberal in drawing their *inferences.* (1 *Doug.* 119. 2 *H. B.* 208. 4 *Cranch,* 219. 1 *John.* 241. *Patrick* v. *Hallet,* 2 *Caines' Cas. Err. Smith* v. *Stienback,* 2 *Conn. Rep.* 92. 4 *Cranch,* 219.) The.testimony is to be taken most strongly against him who demurs. (1.) The postmaster is liable for his own negligence and delinquency. (*Story on Bail.* 300, 302, *and authorities there cited.* 2 *Kent's Com.* 610. 7 *Cranch,* 242. *Maxwell* v. *McIlroy,* 2 *Bibb,* 211.) (2.) A postmaster is liable for the acts of one in his office who is *not sworn.* (*Bish-op* v. *Williamson,* 2 *Fairf.* 495) (3.) A postmaster is liable for money contained in a letter *deposited in his office,* which is pur-loined before it reaches its destination. (*Bolan* v. *Williamson,* 1 *Brev.* 181.) (4.) Although it may not have been decided that a postmaster is liable for the negligence of his clerks and servants, we insist that he is liable *upon principle.* (1 *Story on Bail.* 302.) 1. He is an executive officer, and may act by

deputy. 2. The public good requires him to be responsible for their ability and fidelity. 3. He may exact bonds from them. 4. This would be no hardship upon the postmaster; for he would be indemnified for any loss occasioned by their delinquency. 5. Such agents are generally irresponsible persons, over whom no one but the principal has any control, not even the postmaster general. 6. The system (although a monopoly) has a benign influence upon the whole community; and it is important to the system as well as to individuals, that postmasters should be held for the acts of their agents.

*H. A. Foster*, for the defendant. I. The decision of the circuit judge, nonsuiting the plaintiff, was correct. (1.) There was no evidence that the letter containing the money ever reached the post office at Rome. The receipt of the post-bill, at the post office in Rome, is not evidence that the letter arrived there. (2 *Cowen & Hill's Notes, p.* 1204. 2 *U. S. Cond. Rep.* 484.) (2.) But if it had been proved that the letter reached the Rome post office, the defendant could not be made liable without showing that the money was lost through the actual negligence of the postmaster himself. (*Dunlap* v. *Monroe*, 2 *Cond. Rep. of U. S.* 484.) It is well settled law that a postmaster is not liable for money stolen from letters in his office, whether it be stolen by strangers or by his assistants. (2 *Kent's Com. 5th ed.* 610. *Law* v. *Colton*, 1 *Ld. Raym.* 646. *Whitfield* v. *Lord Le Despeucer, Cowp.* 754.) So in *Schroyer* v. *Lynch,* (8 *Watts' Rep.* 453,) it was decided that a postmaster is not liable for the secret delinquencies of his agents; and that an action will not lie against him for the purloining of a letter, by his assistant, appointed and retained in good faith. (*See also Dun. Pay. on Agency*, 300, *and notes (o.) and (p.); Supervisors of Albany* v. *Dorr*, 25 *Wend.* 440, 442; *Morton* v. *Mayor of Brooklyn*, 1 *Hill*, 551.) (3.) Even if the letter and money had been lost by the negligence of the defendant's assistants, the plaintiff could not recover under the pleadings in this cause. " Where it is intended to charge a postmaster for the negligence of his assistants, the pleadings must be made up according to

Wiggins *v.* Hathaway.

the case: and his liability *then* will only result from his own neglect in not properly superintending the discharge of their duties in his office." (*Dunlap* v. *Monroe,* 2 *Cond. Rep.* 484.) When the issue is taken upon the neglect of the postmaster, it is not competent to give in evidence the neglect of his assistant. (*Dunlap* v. *Monroe, supra.* 1 *John.* 396.)

II. It is clear from the case that the plaintiff was not entitled to a verdict, upon the evidence ; and as no injustice has been· done him the court will not grant a new trial.

*By the Court,* PRATT, J.   Conceding that the evidence was sufficient to authorize the jury to find that the letter actually arrived at the post office in Rome, yet it was, in our opinion, utterly insufficient to sustain the action of the plaintiff.

*First.* The defendant is clearly not liable for the malfeasance or embezzlement of his clerks or deputies ; and it seems to be the better opinion, also, that a postmaster is not liable even for their negligence.   He is a public officer or agent of the government, and as such the rule of *respondeat superior* does not apply to him.   He is allowed and required to appoint sub-agents, who become, by such appointment, also agents of the government ; and in this respect the liability of the superior does not vary essentially from the case where private agents employ sub-agents at the request of their principal. (*Story on Agency,* §§ 319, 320, 321, 313.   *Dunlop* v. *Monroe,* 2 *U. S. Cond. Rep.* 461, 2, 3.   2 *Kent's Com.* 610.   3 *Wilson,* 443.   5 *Burr.* 2709. 4 *Mass. Rep.* 378.   *Cowper,* 754, 765.)

The rule that makes the principal liable for the acts of his agent is based upon principles of public policy and convenience, but it is far from being a doctrine of universal application. (*See Coon* v. *The Syracuse and Utica Railroad Co., ante, p.* 231. *Law* v *Cotton,* 1 *Ld Raym.* 646.)   In order therefore to charge the defendant, the loss must have been occasioned by his own act.   If it resulted from the malfeasance or negligence of his sub-deputies he is not liable ; at least unless it can be proved that such deputies are notoriously unfit for the station, and thus charge the defendant with negligence in making the appoint-

ment. (*Story on Agency*, 319. *Story on Bailm.* 462, 463. 2 *Kent's Com.* 610.) No such proof was offered in this case; nor was there any proof of negligence on the part of the defendant himself, in the general conduct of the office, unless it be negligent in him to keep his office in a room some parts of which were devoted to other kinds of business. That fact alone could scarcely be considered as sufficient to subject him to the charge of negligence.

*Secondly.* Even if the postmaster should be deemed responsible for losses occasioned by the negligence of his sub-deputies, the evidence was not sufficient to sustain the plaintiff's case. The postmaster is only held to ordinary diligence in the discharge of the duties of his office; (*Story on Bailm* 463. 2 *Kent's Com.* 610;) and can only be made liable for losses occasioned by a want of such diligence. And the burden of proof is upon him who alledges negligence, to establish the fact. (*Story on Bailm.* 410, 411. 21 *Pick.* 254. 1 *Esp. Rep.* 314. 1 *Cowen,* 109. 9 *Wend.* 268. 2 *Kent,* 587.) He must also show that the loss was the direct consequence of the particular negligence proved. It matters not that there may have been official misconduct on the part of the defendant. Unless it be shown that the plaintiff's loss was the result of such misconduct, he cannot recover. In this case it does not appear by the proof how, or when, or where, the letter was lost. Whether stolen by a stranger, embezzled by a clerk, or delivered by mistake to the wrong person, there is no proof to show. If lost by either method, the defendant is not liable, unless he has been negligent, and the loss was the consequence of his negligence.

If we were satisfied that the defendant had at times been negligent in the discharge of his official duties, it would still be impossible to decide that the loss in this case was the result of such negligence, until it be proved how the loss occurred. There was therefore an entire failure of the necessary proof to sustain the action; and the plaintiff was rightfully nonsuited. (3 *Hill,* 531. 25 *Wend.* 440.)

It was insisted by the counsel for the plaintiff that the defendant was liable upon a count in trover. If the facts do not show

Babcock *v.* Montgomery County Mutual Ins. Co.

that the letter was lost through negligence, they show still less a conversion. No demand or refusal was proved, and hence the defendant was not called upon to show what had been done with the letter.

A new trial must be denied.

---

SAME TERM.    *Before the same Justices.*