JOHN TRUEX, Respondent, *v.* THE ERIE RAILWAY COMPANY, Appellant.

(GENERAL TERM, THIRD DEPARTMENT, DECEMBER, 1870.)

The defendant, a common carrier, undertook the transportation of prisoners of war, on the employment of an authorized government officer. — *Held*, that it was liable as a common carrier to the soldiers in charge of the prisoners, and was in no such sense an agent of government as to preclude it from such liability.

Truex *v.* The Erie Railway Company.

A contract for transportation of prisoners of war contemplates that they may be properly guarded from escape. — *Held*, therefore, in an action against the carrier, by a soldier, for damages for injury received while posted, as a guard for such purpose, on the outer platform of a car carrying such prisoners, that the court properly refused to instruct the jury that, if the plaintiff was injured in consequence of being in such position by order of his superior officer, he could not recover.

THIS is an appeal from an order denying a new trial, and from a judgment entered on the verdict of a jury at a Circuit of the Supreme Court in Sullivan county, May 23, 1870, before Justice PECKHAM and a jury.

The action was commenced in May, 1868, to recover damages for personal injuries. It appeared upon the trial that on July 15, 1864, the plaintiff, who was then a soldier in the United States service, and acting as one of the guard of rebel prisoners being transported over defendant's road, was injured near Shohola, Pa., on the way from Jersey City to Elmira, where a collision occurred between the passenger train and a coal train; both trains were on the same track, and running in the same direction. The results of the injury to the plaintiff were a loss of the little finger of the right hand and an inability to straighten the next finger, a leg bruised and an ankle sprained, and they impaired to some extent his ability to labor hard or walk faster than his usual walk. He was not able to do any work until the next March, and suffered great pain in his hand until September. At the time of the injury plaintiff was, by order of one of his superior officers, riding on the platform, in the door of the car, and was not allowed to go inside of the car at all; and he was carried by defendant under an order of the war department, and paid no fare personally.

Several requests were made to charge and refused, and exceptions duly taken, as stated in the opinion; and an exception was also taken to a portion of the charge, by the defendant's counsel. The jury found a verdict in favor of the plaintiff for $1,800. The defendant's counsel moved for a new trial for excessiveness of damages, which motion was denied.

Judgment was entered, and defendant appealed from the judgment and order.

*S. Newell*, for the appellant.

*Isaac Anderson*, for the respondent.

Present—MILLER, P. J., HOGEBOOM and PARKER, JJ.

MILLER, P. J.   I think that the judge upon the trial of this action properly refused to charge that the defendant was an agent of the government at the time, and, consequently, not liable for the negligent acts of its servants, unless it knew them to be unfit for the service in which they were employed. This case has no features of similarity to that of a government officer who is prosecuted for the malfeasance or negligent acts of his clerks or deputies. (See *Wiggins* v. *Hathaway,* 6 Barb., 632.)   The defendant was employed at the request of an officer of the government to furnish transportation for a certain number of passengers, in the same manner as if employed by an individual to convey him on its road; and a compliance with the request made did not exonerate it from the ordinary responsibility assumed in such a business.   It was a common carrier, the same as it would be to any individual who chose to avail himself of its facilities for travel or transportation.   It was liable for injuries to the plaintiff the same as if he had traveled alone and without being associated with those who accompanied him upon the train.   If it is claimed that the plaintiff and the defendant were in the employ of the government (which I think is not the actual state of the case), the plaintiff would not be precluded, for that reason, from a recovery; for the rule invoked applies only where the common employer is made a party to the suit, and not where one servant sues another.

The court also was right in refusing to charge that, if the jury believed that the plaintiff was injured in consequence of

being in the door of the car by order of the superior officer, he cannot recover. The plaintiff was one of the guard of the prisoners conveyed, and was put in the position he occupied by the order of his superior officer, and was not permitted to go inside of the car. His presence there would seem to have been essential to prevent those in the car from escaping. There was nothing in the case to show that they could have been properly protected without a guard at this place, or that his location there was the cause of the injury. It was his post of duty, the faithful discharge of which was essential, and this, I think, it is to be assumed was understood by the defendant, in undertaking to perform the service. As it was necessary that the plaintiff, or some one else, should be where he was, in order to guard the prisoners, which must have been known by the defendant's agents, it cannot fairly be claimed that there was negligence; and the defendant's agents, being aware of this danger, if any there was, the defendant is not exempted from liability. It may be added, that the request is not put upon the ground at all that the plaintiff was guilty of contributing negligence, nor does it appear that any issue of that kind was made by the pleadings or by the evidence. There was no testimony from which the inference might be drawn that the plaintiff was injured by reason of his being at the door; and even if there was, it is quite plain that it was a part of the defendant's contract in the transportation of these prisoners that they should be properly guarded against escape, which rebuts any presumption that the plaintiff was, *prima facie*, negligent in riding where he did.

There was no error in refusing to charge that the defendant was not bound to the same degree of care in carrying the plaintiff as it would have been in carrying him if he had paid his fare. The plaintiff's fare was paid by the government, and the defendant was equally liable as it would have been had plaintiff paid his own fare. The defendant was under the same implied contract to carry the plaintiff, and under the same obligations, as to any other passenger who had personally paid his own fare.

The exception to the charge of the judge that, as a matter of law on the evidence, the plaintiff was entitled to recover such damages as he had really sustained by the collision, is not well taken. As already stated, substantially, the relation of carrier and passenger existed between the parties, and, therefore, the plaintiff was entitled to recover the damages incurred. The judge had, immediately previous to the portion of the charge to which exception is taken, stated to the jury " that the cause of action, the right to recover, is not denied; it is substantially admitted;" and no exception was taken to this, and as the portion excepted to necessarily appears from the preceding remarks, I am at loss to see how the exception taken can avail. It was not sufficiently specific to enable the judge to see what was actually complained of, and to correct it, if he deemed it erroneous.

The motion for a new trial upon the ground of excessive damages was, I think, properly denied, and the order and judgment must be affirmed, with costs.

Judgment affirmed.