or else is now entitled to a specific performance of his said agreement, and to an adjudication that she be deemed such an heir. It is true that the evidence as to the precise agreement under which she was taken by the deceased into his family, and was thenceforth treated as his daughter, is quite meager, and, even if the agreement be proven to have been all that she claims it was, it is not entirely clear that she would then have established her right to the fund in question. Upon those claims we do not now give any opinion, but we are of the opinion that the claim so presented raises such a reasonable doubt as to the sole right of the plaintiffs to the fund in question that the defendant is entitled to the substitution which, it asks. The parties do not dispute the rule of law which controls in such cases. They both state it as it is laid down in Burritt v. Publishing Co., 19 App. Div. 609, 46 N. Y. Supp. 295, and Crane v. McDonald, 118 N. Y. 655, 23 N. E. 991; and we think that, under the rule as there given, the order appealed from was properly granted. As was said in the latter case, it was not necessary for the defendant "to decide at his peril either close questions of fact or nice questions of law, but it was sufficient if there was a reasonable doubt as to which claimant the debt belonged." Here a case is presented that evidently should not be decided upon affidavits alone. Such an examination of the evidence as can only be had upon a trial is required to settle the questions of fact, and a careful consideration of the agreement, if any, and of the intent of the parties, is necessary to determine the rights of the several parties under the law.

The order must therefore be affirmed, with $10 costs and disbursements.

---

(57 App. Div. 378.)

### LEE v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1901.)

OVERHEAD HIGHWAY CROSSING—INJURY TO TRAVELER—LIABILITY OF RAILROAD.
   Laws 1890, c. 568, § 154, exempting towns from liability to one injured by the breaking down of a bridge while transporting over the same any load exceeding four tons in weight, applies to bridges built by a railroad company for the purpose of carrying a highway over its tracks at a crossing, and relieves the company from liability for such injuries to the same extent as towns.
   Smith and Edwards, JJ., dissenting.

Appeal from trial term, Tompkins county.

Action by John Lee against the Delaware, Lackawanna & Western Railroad Company. From a judgment for plaintiff and an order denying a new trial, defendant appeals. Reversed.

The defendant, in constructing its railroad, had crossed the highway through a deep cut, and had been obliged to take such highway over its road by a bridge. The plaintiff, in crossing such bridge with a heavy traction engine upon which he was riding, and which it was claimed weighed, with its load and attachments, considerably more than four tons, broke through the bridge, and was seriously injured. Negligence was charged against defendant for not keeping such bridge in reasonably safe repair, and its breaking down, and the injury consequent thereon, is charged as the result of such negligence. This action was brought to recover against defendant for the injuries sus-

tained. The jury rendered a verdict in favor of plaintiff, and from the judgment rendered thereon and the order denying a new trial this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, MERWIN, and SMITH, JJ.

Halliday & Denton, for appellant.

Tompkins, Cobb & Cobb, for respondent.

PER CURIAM. Upon the trial of this action the court was asked to charge as follows: "That section 154, c. 568, Laws 1890, is applicable to this case; and that, if the jury believe that the weight of the engine and its load exceeded four thousand pounds, then the plaintiff cannot recover because of that statute." The court declined such request, and an exception by the defendant was duly taken. That statute, in substance, provides that whoever suffers injury from the breaking of a bridge upon a public highway, when attempting to take across it a load exceeding four tons in weight, cannot recover against the town damages for the injury so sustained, but, on the contrary, the town may recover damages from him for the injury to the bridge. There was evidence tending to show that the load which the plaintiff was attempting to take across this bridge considerably exceeded four tons, and therefore, if the statute did apply to this bridge, the request to charge was evidently both material and correct. We are of the opinion that such statute does apply to the bridge in question.

By the construction of its railroad, it became necessary for the defendant to erect this bridge in the highway, and it was therefore lawfully and properly erected. From that time forth it became necessary, for the public use, that some one should keep it in proper repair, and the law imposed that duty upon the defendant instead of upon the town. But the amount of care which the company must thereafter give to such repairs, and the extent to which such bridge must be kept serviceable and safe for the public use, was not enlarged by the statute which imposed such duty upon the company. It does not require that such bridge should be a stronger bridge or a safer one than is needed to meet the ordinary purposes and use to which such highway is put, nor is any reason apparent why such an additional duty should be imposed upon the company. The bridges over the streams crossing the highway which are maintained by the town are deemed sufficiently strong and safe if a load not exceeding four tons may be safely taken across. Why should this particular bridge be required to carry more than the bridge over a stream one-half a mile east of it is required to sustain? We see no reason for holding a railroad company under such circumstances to any stricter duty or liability than is held against the town. The statute in this respect marks the extent of the duty which is imposed upon each, and we think the trial court should have charged as the defendant requested. Its refusal to do so was error, for which a new trial must be granted.

When the action brought by Bush to recover for injuries caused by this same accident was before us, a majority of the court were not of the opinion that the record presented this question in a man-

ner which permitted us to pass upon it. In this record it is specifically presented, and we have reached the conclusion above stated.

For that reason the judgment and order must be reversed, and a new trial granted, with costs to abide the event.

SMITH and EDWARDS, JJ., dissent.