## LEE v. DELAWARE, L. & W. R. CO.

(Supreme Court, Appellate Division, Third Department. June 28, 1901.)

1. BRIDGES—OVERLOAD.

Where a bridge broke down while an engine weighing 7,500 pounds, hauling a thresher weighing 3,900 pounds, was crossing, the engine alone being on the panel which broke, the owner of the engine is not deprived of recovery by Laws 1890, c. 568, § 154, providing that no town shall be liable for damages resulting from the breaking of any bridge by transportation thereon of any vehicle and load weighing together four tons, since there was less than four tons on the panel which broke.

2. CONTRIBUTORY NEGLIGENCE.

Where the owner and driver of a traction engine were both riding on the engine when a bridge broke under it, and both were injured, the question of contributory negligence of the owner in being on the engine when the bridge broke was for the jury.

On reargument. Affirmed.

For former opinion, see 68 N. Y. S. 407.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

PER CURIAM. The facts upon which this cause of action is based are substantially the same as those in the Bush Case, decided in this court in 54 App. Div. 616, 66 N. Y. Supp. 1128, and affirmed by the court of appeals in 166 N. Y. 210, 59 N. E. 838. The plaintiff here was injured by the same accident which was the cause of the intestate's death in that case, and the defendant's negligence in respect to him is in no wise different from what it was in respect to Bush. It is claimed by the appellant, however, that the evidence in this case shows a different situation with reference to this plaintiff's contributory negligence, in that this plaintiff, being the owner of the engine, etc., under which the bridge broke down, and the employer of Bush, having directed Bush to run the engine across the bridge, was under no necessity to himself ride upon the footboard with him; that one man could have run it as well as two; and that, inasmuch as Bush was willing to and did run it, this plaintiff should have availed himself of the opportunity to wait and see whether the bridge would stand the test. With this distinction, we understand no difference exists in the facts of the two cases, except such as apply to the question of damages merely. The plaintiff recovered in both cases in the trial court. We affirmed the Bush Case by a divided court, and that decision was approved by the court of appeals. This case, upon this same record, then came before us. We affirmed it upon the facts (57 App. Div. 378, 68 N. Y. Supp. 407), but we reversed it upon the law, on the ground that the court erroneously refused to charge that section 154 of chapter 568 of the Laws of 1890 was applicable to this case. This court had been of the opinion that that question was not squarely presented in the Bush Case, but were of the opinion that, being in this case, such refusal presented a legal error, for which the judgment must be reversed. Subsequently the decision in the Bush Case was made,

and, the court of appeals having there held the other way upon that question of law, a reargument of this case was granted by this court. The case is now before us upon such reargument.

Undoubtedly upon this reargument we have the right to examine the case upon all the questions in it. There are two questions, however, upon which we are practically concluded by the court of appeals. The one is as to the question concerning the statute above referred to. The other is the question as to whether the defendant's motion for a nonsuit should have been granted. That court held that, on the evidence as plaintiff claimed it to be, the question of plaintiff's contributory negligence was for the jury. There is no substantial difference between the parties in each case as to the facts bearing on that question, and unless we hold that the distinction between this case and the Bush Case, which is above pointed out, calls for a different conclusion, we must hold that the question of the plaintiff's contributory negligence in this case was also one for the jury.

We do not discover anything in the distinction pointed out by the appellant's attorney between this plaintiff's position and that of Bush at the time of their crossing which renders his conduct any more negligent than that of Bush. True, if this plaintiff had decided not to take the engine across, Bush could not have been injured, for Lee was the owner and employer; yet, when he did decide to cross, nothing prevented Bush from declining to ride, and allowing Lee to run the engine while it was on the bridge. Neither was compelled to cross the bridge upon the engine, and the one seems to have been as prudent, or as imprudent, as the other. We must conclude, therefore, that the refusal of the trial court to nonsuit was not error.

We are still at liberty to consider whether the verdict of the jury upon this question of the plaintiff's negligence was against the weight of evidence. As stated above, however, there is no substantial difference between the parties as to the facts bearing upon that question. The conduct of the plaintiff, the visible defects of the bridge, and the doubts as to its sufficiency and strength, which then confronted him, and all those with him, are hardly disputed. The question, therefore, is not one as to the weight of evidence, but as to what inferences upon the question of negligence are to be drawn from those conceded facts. Upon such facts the jury have drawn the inference that, under the same conditions, men of ordinary prudence would have acted as this plaintiff did. A refusal by this court to sustain that conclusion could hardly be said to be a reversal of their verdict as against the weight of evidence. We do not, therefore, interfere with the verdict in this case upon the ground that it is against the weight of evidence.

We have carefully examined the evidence as to the plaintiff's injuries, and, although the verdict is a large one, we do not think that it is excessive, under all the circumstances of the case. Certainly it does not, in our judgment, indicate prejudice, partiality, or corruption on the part of the jury. Viewed by the light of the many authorities upon this subject, it should not be disturbed on

that ground.   As to the exceptions taken by the appellant, none of them seem to present reversible error.

The judgment and order must be affirmed, with costs.