FRANCES M. VANDEWATER, Respondent, *v.* THE TOWN OF WAPPINGER, Appellant.

*Negligence — liability of a town for injury to a traction engine falling through a bridge — burden of proof as to its weighing four tons — water tank, when considered as part thereof — declarations of the town officers.*

In an action brought against a town to recover damages for injuries done to a traction engine which fell through a bridge in the town, the town, in order to escape liability under section 154 of the Highway Law (Laws of 1890, chap. 568), which provides: "No town shall be liable for any damage resulting to person or property by reason of the breaking of any bridge, by transportation on the same, of any vehicle and load, together weighing four tons or over"

must establish affirmatively that the load placed upon the bridge weighed four tons or over.*

Where it appears that the traction engine, which, itself, weighed less than four tons, was coupled by a short pole to a water tank mounted upon a separate wagon, and the evidence warrants the conclusion that only the front wheels of the traction engine were upon the bridge at the time it collapsed, it cannot be said that such collapse was caused by the transportation over the bridge of a load exceeding four tons.

*Semble,* that if the evidence had shown that the engine and water tank were both upon the bridge at the time of the accident they would constitute a single vehicle.

*Quære,* whether in that event it would be proper to take into consideration the added weight placed upon the traction engine by reason of the load it was called upon to draw.

Admissions and declarations made by officers of the town, one of whom was a supervisor, after the accident, are competent for the purpose of showing that the town, through its officers, had notice of the condition of the bridge.

APPEAL by the defendant, The Town of Wappinger, from a judgment of the County Court of Dutchess county in favor of the plaintiff, entered in the office of the clerk of the county of Dutchess on the 21st day of February, 1900, upon the verdict of a jury for $850, and also from an order bearing date the 19th day of February, 1900, and entered in said clerk's office, denying the defendant's motion for a new trial made upon the minutes.

*Frank B. Lown,* for the appellant.

*William H. Wood* [*Charles Morschauser* with him on the brief], for the respondent.

WOODWARD, J.:

The plaintiff brought this action to recover damages sustained by her in the injury of a certain traction engine by falling through a bridge which, it is conceded, it was the duty of the defendant to keep in a reasonably safe condition. In her complaint she alleges all of the facts necessary to constitute a cause of action based upon the negligence of the defendant, and without contributory negligence on the part of the plaintiff or her representatives. The evidence is sufficient to warrant the verdict of the jury.

---

* See *Heib* v. *Town of Big Flats* (66 App. Div. 88).—REP.

The defendant, in addition to the usual denials, set up the affirmative defense that the traction engine of the plaintiff weighed more than four tons, and that the said engine, with its water tank, weighed more than four tons. There was some evidence to support the allegation that the engine, with its water tank, weighed considerably more than four tons, and the defendant strongly urges upon this appeal that these facts constitute a bar to the present action, and that the complaint should have been dismissed on the motion made at the close of the evidence, or that a new trial should have been granted. This contention is based upon the provisions of section 154 of the Highway Law (Laws of 1890, chap. 568), which provides that " No town shall be liable for any damage resulting to person or property by reason of the breaking of any bridge, by transportation on the same, of any vehicle and load, together weighing four tons or over."

While the evidence is not disputed that the traction engine itself is within the limit of weight fixed by the statute, the appellant contends that the water tank, mounted upon a separate wagon and coupled to the engine by a short pole, constitutes a part of the load of the vehicle, and is to be taken into consideration in determining the liability of the town. We are inclined to the opinion that if the evidence had shown that the engine and water tank were both upon the bridge at the time of the accident, it would be within the spirit of the law to hold that the two constituted a single vehicle with its load, and it may be that it would be proper, as suggested in *Heib* v. *Town of Big Flats* (66 App. Div. 88), to take into consideration the added weight put upon the engine by reason of the load it was called upon to draw, though this does not appear to comport with the dictum of the Court of Appeals in *Bush* v. *D., L. & W. R. R. Co.* (166 N. Y. 210, 217), but the evidence warrants the conclusion that only the front wheels of the engine were upon the bridge at the time of its collapse, and, hence, it cannot be said that the breaking of the bridge was caused by the transportation over it of a load exceeding four tons. (*Bush* v. *D., L. & W. R. R. Co., supra.*) The weight put upon the bridge is a matter of affirmative defense; it was so recognized and acted upon by the defendant, and yet the evidence fails to disclose that the bridge fell by reason of its being called upon to sustain a weight, either actual

or constructive, equaling or exceeding four tons. The mere fact that the engine and water tank were connected together, and that they might have been drawn over the bridge, is not sufficient to defeat the plaintiff's recovery if she has produced evidence to show the negligence of the defendant, a sufficient notice, actual or constructive, and a lack of contributory negligence on the part of the plaintiff or her agents or representatives. It must be shown that the bridge was subjected to a higher strain than that named in the statute, and the facts in the present case fail to meet this requirement.

We are satisfied that the plaintiff fairly sustained the burden of proof upon all of the material elements of her cause of action, and that the case was properly submitted to the jury, whose verdict, in the absence of legal error, must be conclusive.

Nor do we find error in the admission of evidence. The admissions and declarations of the officers of the town after the accident were competent for the purpose of showing that the town, through its officers, had had notice of the condition of the bridge (*Shaw* v. *Town of Potsdam*, 11 App. Div. 508, 510), and the fact that one of these officers was a supervisor does not alter the case. As a member of the town board he is charged with the duty of taking part in the raising of money for the construction, repair, etc., of bridges and highways, and his declarations showing that his attention had been called to the condition of the bridge before the accident were properly admitted for the purpose of showing notice to the town, out of which its liability arises. (See concurring opinion of HERRICK, J., in *McMahon* v. *Town of Salem*, 25 App. Div. 4.) The cases relied upon by the defendant to establish a different doctrine are clearly distinguishable from the case at bar. In *Whitaker* v. *Eighth Avenue R. R. Co.* (51 N. Y. 295) it was held that, in an action brought under the provisions of a statute designed to govern the use of highways to recover damages for a willful injury inflicted by a driver of defendant's carriage, the declarations of the driver were not competent evidence against the defendant unless it appeared affirmatively that they were made at the time the injury was inflicted, while, in *Furst* v. *Second Avenue R. R. Co.* (72 N. Y. 542), where a witness was permitted to testify that the conductor of a car, causing injury to the plaintiff's ward, had said to him after

the accident, "he told me he thinks the driver did not look or the child would not be run over," it was held that the conversation was improperly admitted as against the defendant. This is quite a different matter, however, from the declarations of the officials of the town that they had had their attention called to the condition of this bridge and that they had condemned it, because it was necessary for the plaintiff to show notice to the town, and, if the town officers knew of the condition of the bridge, it was some evidence of negligence, the fact that it had been allowed to remain without the necessary repairs. If the officers of the street railroads, in the cases above cited, had declared that the driver was negligent, the cases would be nearer an analogy, and the rule asserted by the courts would be controlling; but the cases relied upon have no bearing here.

The judgment and order appealed from should be affirmed, with costs.

All concurred.

Judgment and order unanimously affirmed, with costs.