(66 Misc. Rep. 339.)

### BOOTH v. TOWN OF ORLEANS.

(Supreme Court, Trial Term, Jefferson County. February, 1910.)

1. INDEMNITY (§ 13*)—IMPLIED CONTRACTS—DEFECTIVE HIGHWAYS—LIABILITY FOR INJURIES.

    Laws 1881, c. 700, making towns liable for injuries from defects in highways, where theretofore highway commissioners had been liable, as amended by Laws 1890, c. 568, § 16, provides that every town shall be liable for damages to person or property sustained from defects in its highways, existing because of negligence of any commissioner of highways of such town. *Held*, that the liability of the town is wholly based upon the negligence of the commissioner and the town itself, if judgment is obtained against it for such negligence, has recourse against the commissioner personally.

    [Ed. Note.—For other cases, see Indemnity, Cent. Dig. §§ 29–35; Dec. Dig. § 13.*]

2. HIGHWAYS (§ 198*)—DEFECTIVE HIGHWAYS—LIABILITY FOR INJURY.

    The liability of the town is purely a statutory one, measured by the liability which existed against the commissioner before Laws 1881, c. 700, as amended by Laws 1890, c. 568, § 16, and as the commissioner before that time was liable only for his own negligence, and not for that of an overseer of highways, the town cannot be held for such overseer's negligence.

    [Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 504, 507; Dec. Dig. § 198.*]

Action by Sarah A. Booth against the Town of Orleans. Verdict for plaintiff on motion to set aside the verdict and for a new trial. Verdict set aside, and new trial granted.

N. M. Smith and N. F. Breen, for plaintiff.
Ford & Ford, for defendant.

ANDREWS, J. The plaintiff in this action was injured on the evening of July 1, 1908, by reason of an unguarded hole and other obstructions existing in a highway in the town of Orleans. This de-

fect had been created by the action of one Burns, an overseer of highways in the town, on the afternoon of the same day, and the jury has found that his negligence was the cause of this injury. The commissioner of highways of the town was one Daniels. He had not directly authorized the creation of the defect by Burns. He was not present at any time during its creation or thereafter prior to the accident. He had no knowledge, express or implied, that such a defect existed and in no way was negligent in regard thereto.

The case was sent to the jury upon the theory that, if the overseer, Burns, was guilty of negligence with regard to the condition in which he left the highway, then that negligence was imputable to the commissioner, Daniels, and that there could be a recovery against the town. Acting upon these instructions, the jury found a verdict for the plaintiff in the sum of $750. A motion was made for a new trial on the ground, among others, that the action of the court in permitting the jury to find a verdict for the plaintiff upon this theory was erroneous, and it is that motion which is now to be decided.

Originally towns were not liable in any action for injuries caused by defects in highways. The commissioners, however, were responsible for their own negligence with regard thereto. By chapter 700 of the Laws of 1881, this rule was changed, and towns were made liable where theretofore highway commissioners had been liable. This act was amended in 1890 by section 16 of chapter 568 of the Laws of 1890. This section provided that:

"Every town shall be liable for all damages to person or property, sustained by reason of any defect in its highways or bridges, existing because of the neglect of any .commissioner of highways of such towns."

By section 2 of chapter 569 of the General Laws, passed in 1890, a town was made—

"a municipal corporation comprising the inhabitants within its boundaries, and formed for the purpose of exercising such powers and discharging such duties of local government and administration of public affairs as have been, or may be, conferred or imposed upon it by law."

It may be that the liability of towns for defects in highways is somewhat broader than the original liability imposed by the act of 1881; but still, under the statutes in force to-day, this liability is wholly based upon the neglect of the commissioner, and the town itself, in case judgment is obtained against it because of such neglect, has recourse to an action against the commissioner personally.

The liability of the town is purely a statutory one. It is measured by the liability which existed against the commissioner before the statute was passed. Winchell v. Town of Camillus, 109 App. Div. 341, 95 N. Y. Supp. 688; Barber v. Town of New Scotland, 88 Hun, 522, 34 N. Y. Supp. 968; Clapper v. Town of Waterford, 131 N. Y. 382, 30 N. E. 240; Monk v. Town of New Utrecht, 104 N. Y. 552, 11 N. E. 268; Bryant v. Town of Randolph, 133 N. Y. 70, 30 N. E. 657; People ex rel. Everett v. Board of Supervisors, 93 N. Y. 397; Lane v. Town of Hancock, 142 N. Y. 510, 37 N. E. 473; People ex rel. Van Keuren v. Town Auditors, 74 N. Y. 310. If, therefore, the commissioner of highways, Daniels, would not have been, prior to the act of

1881, liable for the negligence of the overseer, Burns, then a recovery may not be had in this action against the town of Orleans.

I think it is very clear that no liability would have existed against a commissioner except for his own negligence. It is true that overseers of highways are appointed by the commissioner, but in no sense does the relation of principal and agent or master and servant exist between the two sets of officers. The mode of the selection of the overseer is provided for convenience, and the overseer is as much a public officer, charged with public duties, as is the commissioner himself. If the commissioner himself is free from any personal negligence, no negligence on the part of the overseer can be imputed to him. Wiggins v. Hathaway, 6 Barb. 632; Walsh v. Trustees, 96 N. Y. 427; Donovan v. McAlpin, 85 N. Y. 185, 39 Am. Rep. 649; Lorillard v. Town of Monroe, 11 N. Y. 392, 62 Am. Dec. 120; Farman v. Town of Ellington, 46 Hun, 41.

The only case in conflict with this conclusion is Vandewater v. Town of Wappinger, 69 App. Div. 325, 74 N. Y. Supp. 699. There the action brought against the town was for injury caused by the unsafe condition of a bridge, which, as the court says, "it is conceded it was the duty of the defendant to keep in a reasonably safe condition," and it was held that:

"The admissions and declarations of the officers of the town after the accident were competent for the purpose of showing that the town, through its officers, had had notice of the condition of the bridge; * * * and the fact that one of these officers was a supervisor does not alter the case. As a member of the town board he is charged with the duty of taking part in the raising of money for the construction, repair, etc., of bridges and highways, and his declarations showing that his attention had been called to the condition of the bridge before the accident were properly admitted for the purpose of showing notice to the town, out of which its liability arises."

This case, therefore, starts with the proposition that it was the duty of the town to keep this bridge in repair, and that notice to it of a defect in such bridge was admissible as tending to show its negligence. The ruling can only be sustained on the theory that as the law now stands a recovery may be had against a town, even if its commissioner be not negligent. In view of the cases that have been cited, such a ruling cannot be followed. In fact, both by the Appellate Division in this department (White v. Lewiston & Y. F. R. R. Co., 94 App. Div. 4, 87 N. Y. Supp. 901), and by the Court of Appeals (Fox v. Village of Manchester, 183 N. Y. 141, 75 N. E. 1116, 2 L. R. A. [N. S.] 474), the Vandewater Case has been criticised, and the ruling with regard to the evidence which I have referred to has been said to be manifestly erroneous. It is true that the criticism is not directed specifically to the proposition that the town is not liable for defects in the highways independent of the negligence of the commissioner; but, in view of what these two courts have said, the authority of the Vandewater Case is greatly weakened.

I am of the opinion, therefore, that the ruling of the court was erroneous, and that no cause of action was made out against the town of Orleans. An order may therefore be entered, setting aside the verdict rendered and granting a new trial, with costs to abide the event.

Ordered accordingly.