BOOTH v. TOWN OF ORLEANS.

(Supreme Court, Appellate Division, Fourth Department. November 15, 1911.)

1. HIGHWAYS (§ 198*)—DEFECTIVE HIGHWAY—NEGLIGENCE OF OVERSEER—IMPUTATION TO HIGHWAY COMMISSIONER.

Where plaintiff's horse was frightened at an excavation in a highway claimed to have been negligently made by a highway overseer, but there was no evidence sufficient to show that it was made under the direction of the highway commissioner, or that he knew that the work was going on, or the condition of the road, or that he could have known of it by the exercise of reasonable diligence, the overseer's negligence was not imputable to the commissioner.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 504–507; Dec. Dig. § 198.*]

2. HIGHWAYS (§ 198*)—DEFECTS—INJURIES—NEGLIGENCE OF OVERSEER.

A town is not liable for injuries caused by a defect in a highway, due to the alleged negligence of the highway overseer or any other town officers having to do with highways, except the highway commissioner or town superintendent, under Consol. Laws, c. 24, §§ 74, 75.

[Ed. Note.—For other cases, see Highways, Cent. Dig. §§ 504–507; Dec. Dig. § 198.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Trial Term, Jefferson County.

Action by Sarah A. Booth against the Town of Orleans. From a judgment dismissing plaintiff's complaint, and from an order denying plaintiff's motion for a new trial, she appeals. Affirmed.

See, also, 66 Misc. Rep. 339, 123 N. Y. Supp. 700.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, KRUSE and ROBSON, JJ.

N. F. Breen, for appellant.

Wayland F. Ford, for respondent.

KRUSE, J. The action is for negligence. The plaintiff was riding in a buggy, driving a single horse along a country road, and was hurt because the road was defective. The accident occurred in this way: The overseer of the road district in which the accident occurred had been blasting rock out of the road. He had quit his work for the day, leaving a hole in the road and piles of broken stone along the side of the road. The plaintiff did not drive into the hole or against the rock pile, but her horse smelled the powder, and saw the hole and pile of stones, and became frightened, ran away, overturning the buggy, and hurt the plaintiff.

[1] On behalf of the plaintiff it is claimed that the negligence of the overseer is imputable to the highway commissioner. But I think the evidence is insufficient to show that the work was done under his direction. Neither was it shown that he knew of the work which was going on, nor of the condition of the road, nor that in the exercise of reasonable vigilance he could have known of it.

[2] It is contended, however, that, even if the negligence of the overseer is not imputable to the commissioner of highways, the town is liable for the negligence of the overseer. I think not. In the absence of the statute, the town is not liable at all for defective highways. It was not until 1881 that towns were made liable for defective highways (Laws 1881, c. 700), and then only because of the neglect of the commissioner of highways of the town, with a right of recovery by the town over against the commissioner. That, in substance, is the law now. Highway Law (Consol. Laws, c. 24) §§ 74, 75. It has never been extended so as to make the town liable for the negligence of the overseer or any other town officers having to do with the highways, directly or indirectly, save that of highway commissioner, or town superintendent, as he is now called. Highway Law, § 74.

Mr. Justice Andrews, in his opinion setting aside the verdict upon the first trial (Booth v. Town of Orleans, 66 Misc. Rep. 339, 123 N. Y. Supp. 700), has so fully discussed the question, calling attention to the cases, that I think further discussion is unnecessary. I think the judgment and order should be affirmed.

Judgment and order affirmed, with costs. All concur.