ADRIAN M. GAINER, Appellant, *v.* WALKER D. HINES, as Director-General of Railroads, Respondent.

Second Department, November 19, 1920.

Carriers — action by soldier for injuries received in falling from side door of box car in which he was being transported — proof of absence of bar at door where defect set out in bill of particulars — necessity for proof that bar at door was commonly used — evidence insufficient to show liability of defendant — when dismissal of complaint on merits erroneous.

In an action by a soldier to recover damages for injuries received by falling from the side door of a box car in which he was being transported with his company it was error for the court to refuse to consider the inadequate equipment, consisting of the absence of a bar across the opening, on the ground that it was not pleaded, for the complaint was broad enough to justify the bill of particulars which specified the alleged defect, and the bill was part of the pleadings.

So far as the motion to dismiss the complaint is concerned, the status of the plaintiff and the defendant may be regarded as that of passenger and common carrier respectively.

As there is no statute requiring a barrier at the side door opening of a box car, the absence thereof affords no proof of negligence, and before liability may be predicated on its absence there must be evidence that practical men had put up such barriers in the openings made in the side of box cars by the drawing back of the doors.

Even though the defendant should have foreseen that an opening was necessary there is no proof that so wide an opening was required or who made the opening, nor is the proof sufficient that the condition of the car, which was primarily for the carriage of luggage, after it had received the equipment and the detachment of men, should have compelled the defendant to foresee that the plaintiff must stand in close proximity to the opening.

Even though the defendant in the exercise of due care should have provided a barrier in view of the extraordinary use of the car, there is no proof that it could have provided it in the time that intervened the entry of the detachment and the departure of the train or that it could have delayed the departure for that purpose.

Upon the record the court rightfully dismissed the complaint, but the judgment should have been for a nonsuit merely, and not on the merits.

APPEAL by the plaintiff, Adrian M. Gainer, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Nassau on the 20th day of January, 1920, upon the dismissal of the complaint by direction of the court at the close of plaintiff's case after a trial at the Nassau Trial Term, and also from an order entered in said clerk's office on the 18th day of February, 1920, granting defendant's motion to dismiss the complaint at the close of the plaintiff's case.

A judgment dismissing the complaint upon the merits was entered by the defendant.

*William S. Evans* [*Edward E. Dean* with him on the brief], for the appellant.

*Matthew J. Keany* [*Joseph F. Keany* with him on the brief], for the respondent.

JENKS, P. J.:

The action is for negligence. The accident happened on July 31, 1918. The plaintiff was dismissed at the close of

his case.  He was a private soldier of the United States army.  The defendant furnished a troop train for carriage of a body of between 500 and 600 soldiers.  The train included a box car, wherein was carried the plaintiff and twenty-four other soldiers.  There were no end doors and no windows in that car.  One of the side doors was open during the journey.  As plaintiff was standing in the car he fell out of the opening.

Two matters of negligence were charged: (1) speed of the train, and (2) inadequate equipment.  The learned court decided that there was no evidence of working of the train whereby there was an improper jerk.  This was right.  But it refused to consider the inadequate equipment in absence of bar over the opening, in that it was not pleaded.  This was wrong, because the complaint was broad enough to justify the bill of particulars which specified this alleged defect, and the bill was a part of the pleadings.  (*Higgins* v. *Erie Railroad Co.*, 140 App. Div. 222.)  But this error should not affect the disposition of the case if the evidence would not have justified submission of this feature of the case to the jury.

A guard across the opening might have impeded or have prevented plaintiff's mishap.  But liability depends upon the duty owed by the defendant to the plaintiff.  We may infer that the train was furnished for the troops only, and that this transportation could not be delayed as for ordinary passengers when the stress of traffic had suddenly exceeded the usual business and the common carrier had exhausted its normal resources, under the rule of Hutchinson on Carriers (3d ed. § 1114); *Burton* v. *West Jersey Ferry Co.* (114 U. S. 474); *Gordon* v. *M. & L. R. R.* (52 N. H. 596).  But I think that so far as the motion to dismiss is concerned the status of plaintiff and defendant may be regarded as that of passenger and common carrier respectively.  Although the Executive, perforce of the act of the Congress of August 29, 1916 (39 U. S. Stat. at Large, 604, chap. 417, amdg. 24 id. 380, § 6, as amd. by 34 id. 587, § 2), and by the President's Proclamation of December 26, 1917 (Official U. S. Bulletin Dec. 27, 1917, vol. 1, No. 193, pp. 1, 2), assumed management and control of the transportation systems of the country, it was provided *inter alia* that carriers while under Federal control should be subject to all laws and liabilities as common

carriers, whether arising under State or Federal laws or at common law, except as inconsistent with the enabling acts. (Federal Control Act of March 21, 1918 [40 U. S. Stat. at Large, 456], § 10.) I am the more moved to this conclusion by *Truex* v. *Erie Railway Co.* (4 Lans. 198).

I am not aware that any statute prescribed any barrier of such an opening, and, therefore, the absence thereof afforded in itself no proof of negligence. Before the jury could have been asked to consider the question of equipment, there must be evidence that practical men had put up such barriers or guards or chains in the openings made in box cars by the drawing back of a door. There is no proof that the car was defective, in that a barrier over the openings made by withdrawal of the side door was part of its equipment. Before the jury could consider the absence of guard as negligence, it was " for the jury so to decide upon evidence " whether, as a " practical " thing, guards or the like had been designed and put in use to such an extent that the defendant should have known of them. (*Steinweg* v. *Erie Railway*, 43 N. Y. 123; *Fritsch* v. *New York & Queens County R. Co.*, 93 App. Div. 554; *Caldwell* v. *New Jersey Steamboat Co.*, 47 N. Y. 282, 287.) But the plaintiff rested upon plea that there should have been a guard, and insisted that the jury might find from that plea and the absence of any guard a violation of the duty owed to the plaintiff.

If the box car was put to an unusual use on that occasion, in that it carried so many men, that use was not within the absolute discretion of the defendant. For the evidence indicates that the troops had to be transported at that time, that such transportation included luggage and equipment of the troops, that the box car was furnished primarily and legitimately for the latter purpose, that this detachment of 25 men had to go in that car if they went with the troops, in that the defendant had furnished all cars then available and that, thereupon, the lieutenant in command had ordered the detachment into the box car.

It may be that the defendant should have foreseen that human beings carried in the car would require an opening made by some withdrawal of a side door for light and air, but there is no proof that so wide an opening was required or who opened

the door so as to make such an opening. Nor is the proof sufficient, despite some testimony which was in the form of conclusions, that the condition of the car after it had received the equipment and the detachment should have compelled the defendant in due care to foresee that this plaintiff or some other must stand within two feet of the opening, with his hand placed against the side of the car. Moreover, the plaintiff admits that he was engaged in pointing out the scenery to his companions, a fact that makes against the inference that his position was necessary. Certainly the defendant was not bound to foresee the assumption of such a position for such a purpose. None is negligent for an accident that he could not be expected in reason to foresee. (*Paul v. Consolidated Fireworks Co.*, 212 N. Y. 117, 121; *Loftus v. Union Ferry Co. of Brooklyn,* .84 id. 455.) It was not shown that any other person in the car was required by the circumstance to stand in such close proximity to the opening or that any other person suffered mishap. Moreover, even if the defendant in the exercise of due care should have provided the additional equipment of a bar over any opening made by withdrawal of a side door in view of the extraordinary and compulsory use of this car, there is no proof that it could have provided it in the time that intervened the entry of the detachment and the departure of the train, and certainly there is no proof that it could have delayed the train for that purpose.

The court rightfully dismissed the plaintiff upon the record, but the judgment is wrong in its provision that the dismissal was upon the merits. The judgment should be nonsuit only. It is amended accordingly, and as amended the judgment and order are affirmed, but without costs.

Present — JENKS, P. J., MILLS, RICH, PUTNAM and BLACKMAR, JJ.

Judgment modified in accordance with opinion, and as modified the judgment and the order are unanimously affirmed, without costs.