GEORGE F. SMITH, Plaintiff, *v*. TOWN OF TROUPSBURG, Defendant.

Supreme Court, Steuben County, July 23, 1925.

Negligence — action for damage arising from collapse of bridge as front wheels of plaintiff's vehicle had passed therefrom — load was in excess of weight permitted by Highway Law, § 331 — determination that collapse of bridge was not caused by transportation against weight of evidence — verdict set aside. —

A verdict in favor of the plaintiff in an action for damages arising from the collapse of a bridge, in defendant town, as the front wheels of plaintiff's vehicle passed from the bridge, should be set aside as against the weight of evidence, since the determination that the collapse of the bridge was not caused by transportation of a vehicle and load in excess of the weight permitted by statute, was error, where it appears that the rear wheels were still on the bridge when it collapsed and that the entire weight of the load was in excess of that permitted by section 331 of the Highway Law.

MOTION to set aside the verdict and for a new trial under section 549 of the Civil Practice Act.

*Heminway & Turnbull*, for the plaintiff.

*Whiteman & Hill*, for the defendant.

THOMPSON, J.:

This case is unlike any of the reported cases under section 331 of the Highway Law in that here the load had traversed the bridge when it gave way although the front wheels were clear of it and rested upon the further embankment. But the clear intent of the statute, I think, is to provide that if the bridge is subjected to a higher strain than that named in the statute, and consequently collapses, there can be no recovery. If the bridge should give way when only the front wheels of a truck, carrying a load in excess of eight tons, had passed onto it, then evidence showing that the weight so resting upon the bridge, and sustained by these wheels, was less than the prohibited tonnage, would establish the liability of the town, for the bridge would not have been subjected to the forbidden strain. (*Vandewater* v. *Town of Wappinger*, 69 App. Div. 325, 328; *Heib* v. *Town of Big Flats*, 66 id. 88.)

But where a load of over eight tons has crossed a bridge, and the bridge goes down just as the front wheels of the vehicle pass from

off the bridge to the opposite bank, and while the back wheels are still upon the bridge, the bridge has been subjected to the prescribed strain. It follows that a holding of fact that the breaking of a bridge, in such circumstances, was not caused by transportation on the same of a vehicle and load weighing eight tons or over, cannot stand.

In support of this doctrine we take the following significant words from the decision last above cited: " Whether crossing the day previous with ' vehicle and load ' in excess of four tons weakened the bridge must also be a question of fact for a jury. If, in fact, four tons or more of weight was put upon the bridge by plaintiff the day before the accident in transporting this traction engine and thresher, and thereby the bridge was so weakened as to be the cause of its breaking down on the day of the accident, then the plaintiff cannot recover." (See, also, *Bush* v. *D., L. & W. R. R. Co.*, 166 N. Y. 210; *Lee* v. *D., L. & W. R. R. Co.*, 62 App. Div. 624; *Kelly* v. *Town of Saugerties*, 110 App. Div. 561.)

Applying the principles here suggested to the facts of the case at bar, it must be held that they are not sufficient to support the verdict. The motion to set aside the verdict is granted upon the ground that it is against the weight of the evidence.