SOLOMON REISS et al., Respondents, *v.* THE NEW YORK STEAM COMPANY, Appellant.

In an action to recover damages for injuries to plaintiffs' goods, caused by steam which escaped from certain apparatus, which defendant, a corporation engaged in furnishing steam for the purposes of heat and motive power, had put into the premises occupied by plaintiffs, under a contract with them, it appeared that after the apparatus had been tested in the usual manner and found to be apparently safe and adequate, the premises were closed from Saturday night until Tuesday morning; that shortly after they were opened the bonnet on the service valve in one of the pipes in the basement was blown off and the steam escaped, doing the injuries complained of. It was proved that no similar accident had happened in defendant's business, that defendant used the best material, purchased of manufacturers of high repute, and employed competent and skilled workmen, and there was no evidence of any visible defect or that the work was not well done. *Held,* that the refusal to nonsuit was error; that the burden was upon the plaintiffs to show that defendant failed to use the degree of care which ordinary prudence and foresight would, under the circumstances, suggest; that the mere fact that the bonnet blew out did not furnish sufficient evidence of negligence.

(Argued June 5, 1891; decided June 16, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 7, 1891, which modified, and affirmed as modified, a judgment in favor of plaintiffs entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*James W. Hawes* for appellant. The burden of proving defendant's negligence is on the plaintiffs. (*Holbrook* v. *N. & S. R. R. Co.,* 12 N. Y. 236; *Whitworth* v. *E. R. Co.,* 87 id. 413; *Desmond* v. *Rose,* 14 J. & S. 569; *Cordell* v. *N. Y. C. & H. R. R. R. Co.,* 75 N. Y. 330; *Hart* v. *H. R. B. Co.,* 84 id. 56; *Riceman* v. *Havemeyer,* Id. 647; *Hayes* v. *F. S. S., etc., R. R. Co.,* 97 id. 259; *Crafts* v. *Boston,* 109 Mass. 519; *Wilson* v. *N. Y. C. & H. R. R. R. Co.,* 97 id. 87; *Baulec* v. *N. Y. & H. R. R. Co.,* 59 id. 356, 366; *Dwight*

v. *G. L. Ins. Co.*, 103 id. 341, 358 ; *Daniels* v. *Potter*, 4 C. & P. 262 ; *Hunt* v. *L. G. L. Co.*, 1 Allen, 343 ; *Cosulich* v. *S. O. Co.*, 122 N. Y. 118 ; *Wiedneer* v. *N. Y. E. R. R. Co.*, 114 id. 462.) The instructions and explanations to Hogan should have been admitted. (Smith on Master and Servant [4th ed.], 358 ; *Burgess* v. *Gray*, 1 C. B. 578, 590 ; *McLaughlin* v. *Prior*, 4 M. & G. 48, 59.) The witness Gaines, an expert of practical experience, should have been allowed to state what, in his opinion, caused the accident. (*Turner* v. *Newburgh*, 109 N. Y. 301 ; *People* v. *Wilson*, Id. 345 ; *Fort* v. *Brown*, 46 Barb. 366 ; *Clark* v. *Willett*, 35 Cal. 534 ; *F. W. & D. C. R. Co.* v. *Thompson*, 75 Tex. 501 ; *Detwieler* v. *Groff*, 10 Penn. St. 376 ; *Buffinn* v. *Harris*, 5 R. I. 243 ; *Transportation Line* v. *Hope*, 95 U. S. 297.) The jury was instructed that if any one of the negligences imputed in the complaint occurred they must find for the plaintiffs, which is, in effect, saying that they would be justified in finding that any one of the imputed negligences existed as a fact. This was error. (*Booth* v. *B. & A. R. R. Co.*, 67 N. Y. 593 ; *Greene* v. *White*, 37 id. 405.) The jury should have been instructed that the defendant was not responsible for the actions of the trustees. (Meachem on Agency, §§ 732, 734, 737, 738 ; *Stevens* v. *Woodward*, L. R. [6 Q. B. Div.] 318 ; *Cavanagh* v. *Dinsmore*, 12 Hun, 465 ; *Sheridan* v. *Charlick*, 4 Daly, 338 ; *Stone* v. *Hills*, 45 Conn. 44 ; *Mitchell* v. *Crassweller*, L. R. [13 C. B.] 237 ; *Campbell* v. *Providence*, 9 R. I. 262.)

*Stern & Kingsbury* for respondents. The accident, and the damage caused thereby, resulted from defendant's negligence. (*Cosulich* v. *S. O. Co.*, 23 J. & S. 384 ; *Losee* v. *Buchanan*, 51 N. Y. 476.)

Earl, J. This action was brought to recover damages to goods in the basement of a store occupied by the plaintiffs in the city of New York caused by steam. The defendant was a corporation whose business it was to furnish steam in the

city of New York for the purposes of heat and motive power,
and the plaintiffs desiring steam for the running of the elevator
in their store and for heating purposes, made a contract with
the defendant for a supply of steam by means of a connection
in their basement with defendant's mains or pipes under the
street, and a system of pipes, valves and meters set up by it in
the basement.   Its mechanics put in and adjusted the appa-
ratus in the latter part of June, 1887, and had finished it on
Saturday, July second.   At the same time, the landlord of the
store occupied by the plaintiffs as lessees employed one Maslin
to put pipes in the building connected with defendant's appa-
ratus in the basement to furnish power for an engine on the top
floor, and to put heat registers in the building.   On the sec-
ond of July, the pipes of Maslin were connected with the
defendant's apparatus in the basement, and at the request of
the plaintiffs, its mechanics turned on the steam and caused it
to pass into the plaintiffs' store through the defendant's pipes
and apparatus.   It was turned on then solely to test the con-
nections and try the engine on the top floor.   The defendant's
mechanics carefully inspected the valves, connections and
pipes, and found that the work appeared to be well done and
to be safe and adequate.   After the work had been sufficiently
tested, the mechanics of the defendant left the store, and it
remained closed on Sunday and Monday and was not opened
until about eight o'clock on Tuesday morning.   Soon there-
after the bonnet on the service valve in one of the defendant's
pipes nearest the street in the basement was blown off, and
steam escaped into the basement doing the damage to the
plaintiffs' goods of which they complain in this action.

The claim of the plaintiffs is that the accident was due to
carelessness on the part of the defendant.

We have carefully examined the record and have been
wholly unable to find therein any evidence whatever sufficient
to show that the accident was the result of any culpable care-
lessness chargeable to the defendant.   It is not needful now to
go over all the evidence and call attention to each part of it
and show its bearing.   It was proved that the defendant used

the best material purchased of manufacturers of high repute, and it does not appear that its agents had any reason to doubt that it was adequate and perfect, or that they had any reason to suppose that any degree of care on their part required them to subject it to any further tests, or that any further tests were customary or usual. The workmen employed by the defendant to put the apparatus in the plaintiffs' store and make the steam connections were competent and skilled mechanics, and there is no claim that it is chargeable with any negligence on account of the character of the mechanics whom it employed. There is no evidence showing that the work was not well done, as thoroughly and carefully as any skilled mechanics would have done it. The bonnet blew out from the valve, either from the pressure of steam, or the pressure and force of water made by the condensation of steam. The plaintiffs claim that it would not have blown out if it had been properly constructed, and that it blew out because the screw by which it was fastened into the valve was too small, and, therefore, that the threads of the screw did not hold it. If this was the defect, there is no proof that any ordinary care ought to have discovered it. The bonnet and the valve were made by competent manufacturers and had been properly tested by them, and the defendant had no reason to expect such an imperfection. When the steam was let on, the second day of July, the bonnet and valve proved adequate, and there was no indication from the examination then made of any imperfection or weakness therein, and they were able to stand the pressure to which they were subjected until the time of the explosion on the fifth day of July. One or two witnesses gave opinions that if the screw had been large enough it would not probably have blown out ; but there is considerable other evidence from witnesses shown to be competent to speak upon the subject that, by the formation of what is called a water ram, the bonnet would have been pressed out even if the screw had been large enough to fit closely and compactly into the valve, and that the pressure would cause an expansion of the nut or

valve into which the screw passed, so that it could be blown out without injuring the thread. The accident was a very unusual one, which had never before happened in the business of the defendant, and it was not bound to anticipate or guard against it.

All that is left, therefore, of the plaintiffs' case is that the bonnet was blown out, and from that circumstance they claim that the jury were authorized to draw the inference of negligence. But there is no proof justifying such an inference, and whether or not the accident was the result of negligence must have been a mere guess. It is equally probable that it occurred in the manner claimed on the part of the defendant. Judging from the evidence given it is more probable that this bonnet was forced out by what is called a water ram than in any other way, and that the water ram was the result of accident occasioned because the apparatus had been tampered with by some one not in the defendant's employ and after the test had been made on the second day of July. The mere fact that there was this blowing out of the bonnet and the escape of steam, does not furnish sufficient evidence of negligence on the part of the defendant to cast liability upon it, and so we have several times held. (*Losee* v. *Buchanan*, 51 N. Y. 476; *Dobbins* v. *Brown*, 119 id. 188; *Cosulich* v. *Standard Oil Co.*, 122 id. 118.)

This steam apparatus was put into the plaintiffs' store for their benefit. The defendant did not insure or guarantee them against danger therefrom. It was bound only to use that degree of care which ordinary prudence and foresight would, under the circumstances, suggest and prompt. Whether or not it failed in such case could not be left to mere speculation. The burden was upon them to establish such failure by proof, and this burden they were bound to sustain, however onerous and difficult it proved to be.

The judgment should, therefore, be reversed and a new trial granted, costs to abide event.

All concur.

Judgment reversed.