(110 App. Div. 208.)

## MORAN v. MULLIGAN.

(Supreme Court, Appellate Division, First Department. December 30, 1905.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—ASSUMPTION OF RISK.
   An employé in a planing mill assumed the risk of injury from a knife flying off a revolving cylinder in a machine for making moldings.
   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 552, 553.]

2. SAME—MACHINERY—EVIDENCE.
   That a bolt in a machine for making moldings broke, and allowed a knife to fly off, is not sufficient evidence that an employer was negligent, or that he failed to perform his duty to furnish a reasonably safe machine.
   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, § 881.]

3. SAME—WARNING SERVANT.
   Where no accident had ever occurred during a long-continued use of a revolving cylinder with knives, an employer was under no duty to warn his employé that a knife might fly off the machine and injure him.
   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 297–304.]

4. SAME—GUARDS.
   Where a hood or covering over a revolving cylinder with knives was solely to convey sawdust and shavings away from the machine, and not to protect employés, its absence, when a knife flew off and injured an employé, did not constitute negligence on the part of the employer.

5. SAME—CARE REQUIRED OF MASTER.
   An employer is only required to use reasonable care and prudence in providing a safe place to work, and to furnish such machinery as a person of ordinary prudence would provide for his own use.
   [Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 173, 179, 203.]

Appeal from Trial Term, New York County.

Action by John Moran against George Mulligan. From a judgment in favor of plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before O'BRIEN, P. J., and INGRAHAM, McLAUGHLIN, CLARKE, and HOUGHTON, JJ.

Eugene A. Philbin, for appellant.
G. W. Hopkins, for respondent.

McLAUGHLIN, J. The defendant on the 9th of January, 1902, operated a planing mill in the city of New York, and on that day the plaintiff, one of his employés, while removing shavings from near a molding machine, was struck and seriously injured by a knife which was used in that machine becoming detached, and this action was brought to recover the damages alleged to have been sustained. The plaintiff had a recovery and defendant appeals.

In the molding machine there were several knives attached to a cylinder by means of bolts which, when the machine was in full operation, revolved upwards of 3,000 revolutions per minute. The size of the bolts depended upon the size of the knife, different sizes of knives being inserted according to the size of the molding to be

made, and the size of the bolt used to fasten the knives depended upon the size of the knife itself. Attached to or a part of the machine, was a drawer or pocket, in which were kept the different sizes of bolts required in operating the machines. On the day of the accident one Trefcer, who was operating the machine and had done so for about eight months, shortly after going to work, changed the knives and then started up the machine, and within a very short time thereafter a bolt broke, and two of the knives flew out, one of which struck the plaintiff, inflicting the injuries of which he complains. There was no proof that there was any defect in the bolt which an examination, when it was used to secure the knife, would have disclosed or that this was an improper way of fastening the knives; on the contrary the evidence is uncontradicted that it was a proper way to fasten them, and Trefcer testified that while he had operated the machine, he had never before known a bolt to break.

The plaintiff, of course assumed the risks and dangers incident to the business carried on in the mill, which included the making of moldings by the machine in question. The defendant's obligation to him was to see to it that the machine was reasonably safe, and there is no proof that he did not perform his duty in this respect. The fact that the bolt broke is not in and of itself sufficient evidence to sustain a finding of negligence that the defendant had not performed his duty. De Graff v. N. Y. C. & H. R. R. Co., 76 N. Y. 125; Dobbins v. Brown, 119 N. Y. 188, 23 N. E. 537. Before negligence could be predicated upon the breaking of the bolt plaintiff was bound to prove that it was defective or out of repair, and that an inspection before it broke would have disclosed the defect, and the same could have been remedied. Reiss v. N. Y. Steam Co., 128 N. Y. 103, 28 N. E. 24. Here there is no such proof. But it is said defendant was negligent, because he did not warn the plaintiff that a knife might fly out of the machine. There was no occasion for giving such warning. The defendant had no reason to anticipate that the knife would fly out. He had procured what he had every reason to believe was a safe machine and that it had been supplied with proper knives and fastenings. This machine had been operated for a long time, and the knives fastened in precisely the same way that they were on the day of the accident and he had a right to believe (basing his judgment upon what the machine had done in the past) that an accident of this character would not occur. In addition to this that a knife might fly out or the machine break, was a risk incident to plaintiff's employment. It is a matter of common knowledge that in the operation of machinery, notwithstanding every precaution that may be taken by the owner or operator, some part of the same may break, and by reason thereof persons be injured. This every one knows, and therefore there is no occasion for informing an employé of what may possibly happen in this respect, because he knows it just as well as the master does.

It is also suggested that the jury might have found defendant negligent because the hood or covering of the knives was not on at the time the accident occurred. This hood or covering was not in-

tended as a protection to workmen against knives flying out of the machine, but was solely for the purpose of conveying the sawdust and shavings from the machine to some other part of the building. The truth is, the case is barren of any evidence which would have justified a finding that the defendant omitted to perform any duty which he owed the plaintiff. When the plaintiff entered his employ he did not guaranty that he would not be injured; nor was he bound to furnish plaintiff an absolutely safe place in which to work. What he was bound to do was this, to use reasonable care and prudence in providing a safe place. He was not bound to furnish the best machinery, but only such as was reasonably fit for the work, and he satisfied the requirements of the law if, in the selection of the molding machine, he used that degree of care which a man of ordinary prudence would use, having regard to his own safety, if he were procuring it for his own personal use. Burke v. Witherbee, 98 N. Y. 562; Harley v. B. C. M. Co., 142 N. Y. 31, 36 N. E. 813. To hold, under the facts here presented, that defendant is liable, would, in effect, make an employer a guarantor of the safety of his employés.

The judgment and order appealed from, therefore, must be reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.