RADLEY v. SHOPIRO.

(Supreme Court, Appellate Division, Fourth Department. July 12, 1906.)

1. MASTER AND SERVANT—INJURIES TO SERVANT—FAILURE TO WARN SERVANT.

Where a servant operating a power sewing machine in pursuance of orders put a new belt on the machine, and during the operation thereof the rivet fastening the ends of the new belt broke, and the end of the belt struck him in the eye, the master was not negligent in failing to warn him, as the danger was not concealed.

[Ed. Note.—For cases in point, see vol. 34, Cent. Dig. Master and Servant, §§ 310–316½.]

McLennan, P. J., dissenting.

Appeal from Trial Term, Onondaga County.

Action by Norman E. Radley, an infant, by his guardian, against Samuel Shopiro. From a judgment in favor of plaintiff, and from an order denying a motion for a new trial, defendant appeals. Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, NASH, and KRUSE, JJ.

Frank Gibbons and Henry A. Talbot, for appellant.

Thomas H. Ward, for respondent.

SPRING, J. The defendant in 1905 carried on a tailoring establishment in the city of Syracuse. The plaintiff, a young man 17 years of age, was in his employ, and had been for about three weeks at this time and several months during a prior service. He had been at work on a patent button machine. On the 7th of March, 1905, he was directed by the foreman to fix belts upon the sewing machines, of which there were about 100 in the shop. Each sewing machine was like the usual house sewing machine, except larger. It was on a table, which was 27 inches from the floor. About 10 inches above the floor, and underneath the center of the table, was the main shaft, on which there was a small wheel. Above this was a subshaft called a "transmitter," and by means of a pulley was connected with the wheel on the main shaft by a belt for the purpose of increasing the speed of the machine. From this upper or secondary pulley was another belt passing upward to the machinery, which ran the needle of the machine. The main belt connecting the two pulleys or wheels was circular, $5/16$ of an inch in diameter, about 5 feet in length, running in a groove on each wheel, and the two ends were fastened by a hook. The wheel on the main shaft made about 375 revolutions a minute, and was propelled by steam. The belt came off one of the machines, and the plaintiff put it on again, but the hook or fastener broke. The plaintiff cut off a piece from the belt, fastened the end with another hook, and replaced the belt, when the hook broke again, the end of the belt containing the fastener striking him in the eye, destroying it. The plaintiff in fixing the belt was obliged to stoop under the table, and he claims the defendant was negligent in failing to warn him of the danger and give him instructions. He seems to have known how to make the fastening, for he obtained the belt and the hooks from the supply room, got under the table, cut off one end of the belt, put in another hook, made the splicing, and per-

formed the work in the customary way. The court charged the jury, therefore, that negligence could not be founded on the failure to give instructions, for the plaintiff was familiar with the manner of doing the work and did it properly. The court, however, instructed the jury that, if they found that the fastening and putting on of the belts involved work which was "especially dangerous," and the plaintiff was unaware of the special risk, that they might find that it was incumbent on the defendant to inform the plaintiff of these risks.

We think the work assigned to the plaintiff does not come within the definition of a specially dangerous risk. There is, inevitably, risk connected with the operation of rapidly revolving shafting, and accidents are unavoidable. There was no concealed danger in the putting on or splicing the ends of this belt. The plaintiff knew just how to do it, and it was patent that if the belt separated on this wheel, moving with the velocity of 375 revolutions a minute, that it would fly off with considerable force. We cannot comprehend what information the defendant could have given the plaintiff beyond that already possessed. He was necessarily under the table in a small space, and with his face close to the main wheel and the belt. If the hook came apart, no one could forecast precisely the course of the end of the belt, and no amount of training would give one sufficient dexterity to escape it. The position the plaintiff was in when hit might at another time be the place of safety, so no instruction and no experience would be serviceable in view of this uncertainty. On the present occasion the end of the belt unfortunately happened to strike the plaintiff in the eye, and caused the injury, and that precise accident apparently had never occurred in this shop, and obviously was unusual, and could not have been anticipated. There was no defect in the machine or its appliances, and if the defendant had warned the plaintiff that if the hook came out the belt would fly off, no information would have been imparted, for that result was palpable and inevitable. The master is not called upon to inform the employé of a self-evident fact. Moran v. Mulligan, 110 App. Div. 208, 97 N. Y. Supp. 7.

We think negligence should not be chargeable to the defendant, and that a new trial should be granted.

Judgment and order reversed, and a new trial granted, with costs to the appellant to abide the event. All concur, except McLENNAN, P. J., who dissents in an opinion.

McLENNAN, P. J. (dissenting). It seems to me that the dangers incident to the work which the plaintiff was required to perform were of such a character as required the defendant, in the exercise of due care and prudence, to have given warning of the same. It is true, as suggested in the prevailing opinion, that to come into close proximity to a revolving shaft is dangerous, that the danger was obvious, and that no warning of the master could have emphasized that fact. The plaintiff, however, was charged with the duty of manipulating an appliance upon such shaft, the danger of which act did not at all depend upon the revolutions of the shaft, but upon the result which might be expected to follow an attempt to place a belt thereon. The defendant knew, or ought to have known, as the evidence discloses, that when it was at-

tempted to place a belt upon such revolving shaft in such manner as to connect it with the shaft or pulley below, also revolving, that it and the hook or fastening with which it was connected was liable to fly. The plaintiff had no knowledge of, and was not warned of, such danger. He therefore assumed to put the belt upon the shaft wholly unmindful that accident could result to him therefrom. We think it is no answer to the proposition to say that the only manner in which the plaintiff could have adjusted the belt was such as to subject him to the chances of such accident as happened to him. If he had been informed by the master that the work was dangerous, and was such as to require caution upon his part, he might have used extraordinary means to have avoided the accident, or he might have refused to attempt the performance of the duty required of him. The plaintiff in this case was wholly inexperienced. Upon the occasion in question he was sent for the first time to replace or adjust a belt. The defendant and every man of experience connected with him knew, or in the exercise of ordinary care and prudence ought to have known, that danger attended the operation of placing a belt upon the revolving shaft or pulley. The plaintiff, without such experience, and without being warned of such danger, obeying the command of the defendant, made the attempt, with the result that he lost an eye. We think that, under the plainest proposition of law as enunciated by the courts of this state, the defendant was guilty of actionable negligence in not having informed the plaintiff of the danger incident to the work required before directing him to perform the same, and that the evidence fully establishes freedom from contributory negligence on the part of the plaintiff. We think the evidence clearly establishes negligence on the part of the defendant, that the plaintiff was free from contributory negligence, and that, under the circumstances, he did not assume the risk which resulted in accident to him.

I therefore vote for an affirmance of the judgment, with costs.