P. H. GILL & SONS FORGE & MACHINE WORKS v. DETROIT-CADIL-
LAC MOTOR CAR CO.

(Supreme Court, Appellate Division, Second Department. June 10, 1910.)

BAILMENT (§ 14*)—CARE OF PROPERTY—NEGLIGENCE.

    A bailee receiving a crank shaft to test and straighten is not liable for injuring the same while attempting to straighten it, unless he fails to employ ordinary care and skill required in such work.

    [Ed. Note.—For other cases, see Bailment, Cent. Dig. § 49; Dec. Dig. § 14.*]

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the P. H. Gill & Sons Forge & Machine Works against the Detroit-Cadillac Motor Car Company. From a judgment for defendant, plaintiff appeals. Reversed, and new trial ordered.

Argued before WOODWARD, JENKS, BURR, RICH, and CARR, JJ.

James Crooke McLeer, for appellant.

JENKS, J. Plaintiff, as bailee, received defendant's motor car crank shaft to test it or to straighten it, and during the work, or thereafter, cracks or seams appeared in the shaft. The defendant was notified. Thereupon a new crank shaft, ordered by defendant, was made and delivered by plaintiff. Defendant stopped the check which he had sent to plaintiff in payment for this shaft. In this action, brought to recover upon the check, defendant counterclaimed, and the court awarded to it damages for the value of the first crank shaft, and for the loss in the matter of the extra time and labor required for assembling the parts to fit the new crank shaft. As these damages are in excess of plaintiff's claim, defendant gains the judgment.

Even though it were proved to the satisfaction of the court that the crank shaft was cracked by the plaintiff "in the attempt to straighten the bend or kink found in it," that fact alone cannot support the judgment; for the judgment must rest upon proof that satisfied the court that plaintiff was negligent. The experts called by the defendant were asked what was the best or the very best way to do the work.

Although their answers did not indicate the method employed by the plaintiff, they did not tend to charge it with negligence; for the test of plaintiff's liability was not whether it followed the best fashion, but whether its method of repair involved failure to employ ordinary care and skill required in such work. See Reiss v. N. Y. S. Co., 128 N. Y. 103, 107, 28 N. E. 24; Lannen v. Albany Gaslight Co., 44 N. Y. 459.

The judgment must be reversed and a new trial must be ordered, costs to abide the event. All concur.