HENRY PAUL, an Infant, by HENRY M. PAUL, His Guardian ad Litem, Respondent, v. CONSOLIDATED FIREWORKS COMPANY OF AMERICA, Appellant.

HENRY M. PAUL, Respondent, v. CONSOLIDATED FIREWORKS COMPANY OF AMERICA, Appellant.

Negligence — master and servant — injury by an unavoidable accident — employee injured by explosion of a piece of fireworks while fastening a stick to it in process of manufacturing — when there can be no recovery for such injury.

1. No liability for negligence attaches to a party when, in the prosecution of a lawful act, injury to another is caused by a pure accident; nor can any one be said to be negligent merely because he fails to make provision against an accident which he could not be reasonably expected to foresee.

2. Plaintiff, while in the employ of defendant, was injured by the explosion of a piece of fireworks, known as a geyser, while he was engaged in fastening a stick to it by driving a steel nail through the stick and into the geyser with a brass-faced hammer. The evidence indicates a possibility that the geyser was exploded by the heat due to the friction occasioned by driving the steel nail into the compact compound of which it was made up. The uncontradicted proof shows that steel nails had been used for the same purpose in the same way without accident in the largest manufactories of fireworks for many years. *Held,* that the defendant is not liable for negligence.

*Paul* v. *Consolidated Fireworks Co.,* 148 App. Div. 927, reversed.

(Argued May 13, 1914; decided June 9, 1914.)

APPEAL, in each of the above-entitled actions, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered February 5, 1912, affirming by a divided court a judgment in favor of plaintiff rendered upon a verdict.

The actions were tried together — the first being an action by an infant against his employer to recover damages alleged to have been sustained by reason of the employer's negligence; and the second being the father's action against the same defendant to recover for loss of services.

The facts, so far as material, are stated in the opinion.

*I. R. Oeland* and *Frederick W. Catlin* for appellant. The plaintiff failed to prove the cause of the explosion, and thus did not take the first step necessary to impose liability on the defendant. (*Grant* v. *R. R. Co.,* 133 N. Y. 659; *Carney* v. *Minn. Dock Co.,* 191 N. Y. 301.) Defendant's method of manufacturing the geysers and attaching the stick having been employed by it and other companies for a great many years and having proved safe, no spark, ignition or explosion ever resulting, no cause of action is made out by the criticism of this method by the witness Layng. (*Pearsall* v. *R. R. Co.,* 189 N. Y. 474; *Sisco* v. *L. & H. R. R. Co.,* 145 N. Y. 296; *Kascsak* v. *C. R. R. Co.,* 207 N. Y. 246.)

*Herbert C. Smyth* and *Frank H. Innes* for respondents. Plaintiff proved by sufficient evidence the cause of the explosion. (*Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Stott* v. *Churchill,* 15 Misc. Rep. 80; 157 N. Y. 692; *Latorre* v. *Central Stamping Co.,* 9 App. Div. 145.) Upon the evidence in this record it can be said there was always present the danger of an explosion resulting from friction, and consequently it was negligence to use steel nails instead of brass nails. (*Crapo* v. *City of Syracuse,* 183 N. Y. 395; *Mather* v. *Rillston,* 156 U. S. 391.)

WILLARD BARTLETT, Ch. J.    This case produces a very unfavorable impression at the outset in one respect.    It was originally tried on one theory as to the cause of the explosion by which the infant plaintiff was injured.    That theory was declared to be wholly untenable by the Appellate Division and without any evidence to sustain it. (*Paul* v. *Consolidated Fireworks Co.,* 133 App. Div. 310.)    On the trial now under review an entirely different theory, utterly irreconcilable with the first, was presented, and this also has prevailed with the jury.

The infant plaintiff was badly injured by the explosion of a piece of fireworks, known as a geyser, while he was engaged in fastening a stick to it by driving a steel nail through the stick and into the geyser with a brass-faced hammer.    The complaint alleged that the defendant, negligently disregarding its duty to provide a suitable and safe place for the plaintiff to work in and to furnish suitable and proper materials and tools for his work, whereby a fire and explosion occurred, the plaintiff received great and serious burns and injuries.    It contained nothing to indicate or suggest how the fire and explosion were caused. On the first trial expert opinion evidence was introduced to prove that it was occasioned by a spark thrown off by the impact of the brass face of the hammer against the head of the steel nail, which spark set fire to some loose powder or other inflammable composition on the table

where the geyser lay. The Appellate Division having rejected this explanation of the accident a new one was advanced, and that is that the geyser was exploded by the heat due to the friction occasioned by driving the steel nail into the compact compound of which it was made up, which consisted of 18 parts of salpetre, 4 parts of sulphur and 6 parts of charcoal. This theory is also sought to be sustained by expert opinion evidence, of which the most that can be said is that it indicates a *possibility* that this may have been the cause of the explosion.

In my opinion this evidence is too speculative to justify holding the defendant liable for negligence, in view of the uncontradicted proof that steel nails had been used for the same purpose in the same way without accident in the largest manufactories of fireworks for many years. The rule applicable to this case is that stated by Mr. Justice Woodward on the first appeal, "that tools and appliances which have been in use for many years and have been found to serve their purpose with reasonable safety may be retained in use without the imputation of negligence, even though others have found it advisable to make use of improved appliances. In other words, negligence is not a matter to be judged after the occurrence; it is always a question of what reasonably prudent men under the same circumstances would or should, in the exercise of reasonable care, have anticipated." (133 App. Div. p. 314.)

In accidents of employment, especially where the injuries are serious, there is a tendency always to impute blame to some one. The servant blames his master; the master attributes contributory negligence to his servant. We are apt to forget that accidents are not infrequent, for which no one is really to blame at all. There are cases of pure accident, such as are mentioned in the title on Negligence, in Lord Halsbury's great work, where it is said: "No liability for negligence attaches to a party when in the prosecution of a lawful act injury to another

is caused by a pure accident; nor can anyone be said to be negligent merely because he fails to make provision against an accident which he could not be reasonably expected to foresee." (21 Halsbury's Laws of England, p. 363.) I think that this is clearly such a case. (See *Dougan* v. *Champlain Trans. Co.*, 56 N. Y. 1; *Loftus* v. *Union Ferry Co. of Brooklyn*, 84 N. Y. 455; *Burke* v. *Witherbee*, 98 N. Y. 562; *Cleveland* v. *N. J. Steamboat Co.*, 125 N. Y. 299; *Reiss* v. *N. Y. Steam Co.*, 128 N. Y. 103.) The defendant's exceptions were well taken, and the judgment should be reversed and a new trial granted, with costs to abide the event.

CHASE, COLLIN, CUDDEBACK, HOGAN and CARDOZO, JJ., concur; MILLER, J., not sitting.

Judgment reversed, etc.