LEO ADAMS, an Infant, by MARCY E. ADAMS, His Guardian
ad Litem, Respondent, v. GEORGE BULLOCK, as Receiver
of the BUFFALO AND LAKE ERIE TRACTION COMPANY,
Appellant.

Negligence — injury to boy who touched trolley wire with
a piece of wire — defendant not liable in absence of any evidence
that reasonable precautions had not been taken against injury
from trolley wire.

The defendant runs a trolley line which is crossed by a bridge.
The plaintiff, a boy of about twelve years of age, while crossing the
bridge, in swinging a wire about eight feet long, brought it in contact
with defendant's trolley wire which was between four and five feet
below the top of the parapet of the bridge, which parapet was eighteen
inches wide. By this contact the plaintiff was shocked and burned.
*Held*, that there was no evidence that defendant had failed in its duty
to adopt reasonable precautions against injury from the wire. Hence a
recovery by plaintiff cannot be sustained.

*Adams* v. *Bullock*, 188 App. Div. 948, reversed.

(Argued October 23, 1919; decided November 18, 1919.)

APPEAL from a judgment of the Appellate Division of
the Supreme Court in the fourth judicial department,
entered May 15, 1919, affirming a judgment in favor
of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material,
are stated in the opinion.

*Thomas R. Wheeler* for appellant. The defendant was
not guilty of negligence. The trial court erred in sub-
mitting the case to the jury. (*Freeman* v. *B. H. R. R.
Co.*, 54 App. Div. 596; *Sheffield Co.* v. *Morton*, 161 Ala.
153; *Kempf* v. *S. & I. E. R. Co.*, 82 Wash. 263; *Johnston
N. O. T. H. El. Co.*, 17 L. R. A. [N. S.] 435; *Mayfield
W. & L. Co.* v. *Webb*, 33 Ky. L. 909; *Graves* v. *Washington
Water Power Co.*, 44 Wash. 675.)

*Murle L. Rowe* and *Nelson J. Palmer* for respondent.
The negligence of the defendant was a question of fact

for the jury to determine. (*Hickok* v. *A. L., H. & P. Co.*, 200 N. Y. 465; *Webster* v. *Richmond Light & R. R. Co.*, 158 App. Div. 210; *Braun* v. *Buffalo General Electrical Co.*, 200 N. Y. 484, 492; *Caglione* v. *Mount Morris Electric Light*, 56 App. Div. 191; *Paine* v. *Electric Illuminating, etc., Co.*, 64 App. Div. 477; *Wagner* v. *Brooklyn Heights R. R. Co.*, 69 App. Div. 349; 174 N. Y. 520; *Morhard* v. *Richmond Light & R. R. Co.*, 111 App. Div. 353.) The defendant was negligent because it maintained a wire carrying a high and dangerous voltage of electricity, unguarded in any manner, at a point in dangerous proximity to a place frequented by pedestrians and used by children as a playground. (*Braun* v. *Buffalo General Electrical Co.*, 200 N. Y. 484; *Wilson* v. *American Bridge Co.*, 74 App. Div. 596; *Wittleder* v. *Electric Co.*, 47 App. Div. 410; 50 App. Div. 478; 219 N. Y. 443; *Travell* v. *Bannerman*, 71 App. Div. 439; 174 N. Y. 49; *Robertson* v. *Lighting & Power Co.*, 178 App. Div. 720.)

Cardozo, J. The defendant runs a trolley line in the city of Dunkirk, employing the overhead wire system. At one point, the road is crossed by a bridge or culvert which carries the tracks of the Nickle Plate and Pennsylvania railroads. Pedestrians often use the bridge as a short cut between streets, and children play on it. On April 21, 1916, the plaintiff, a boy of twelve years, came across the bridge, swinging a wire about eight feet long. In swinging it, he brought it in contact with the defendant's trolley wire, which ran beneath the structure. The side of the bridge was protected by a parapet eighteen inches wide. Four feet seven and three-fourths inches below the top of the parapet, the trolley wire was strung. The plaintiff was shocked and burned when the wires came together. He had a verdict at Trial Term, which has been affirmed at the Appellate Division by a divided court.

We think the verdict cannot stand. The defendant in using an overhead trolley was in the lawful exercise of its

franchise. Negligence, therefore, cannot be imputed to it because it used that system and not another (*Dumphy v. Montreal L., H. & P. Co.*, 1907 A. C. 454). There was, of course, a duty to adopt all reasonable precautions to minimize the resulting perils. We think there is no evidence that this duty was ignored. The trolley wire was so placed that no one standing on the bridge or even bending over the parapet could reach it. Only some extraordinary casualty, not fairly within the area of ordinary prevision, could make it a thing of danger. Reasonable care in the use of a destructive agency imports a high degree of vigilance (*Nelson v. Branford L. & W. Co.*, 75 Conn. 548, 551; *Braun v. Buffalo Gen. El. Co.*, 200 N. Y. 484). But no vigilance, however alert, unless fortified by the gift of prophecy, could have predicted the point upon the route where such an accident would occur. It might with equal reason have been expected anywhere else. At any point upon the route, a mischievous or thoughtless boy might touch the wire with a metal pole, or fling another wire across it (*Green v. W. P. Rys. Co.*, 246 Penn. St. 340). If unable to reach it from the walk, he might stand upon a wagon or climb upon a tree. No special danger at this bridge warned the defendant that there was need of special measures of precaution. No like accident had occurred before. No custom had been disregarded. We think that ordinary caution did not involve forethought of this extraordinary peril. It has been so ruled in like circumstances by courts in other jurisdictions (*Green v. W. P. Rys. Co.*, *supra; Vannatta v. Lancaster L. & P. Co.*, 164 Wis. 344; *Parker v. Charlotte Elec. Ry. Co.*, 169 N. C. 68; *Kempf v. S. & I. E. R. R. Co.*, 82 Wash. 263; *Sheffield Co. v. Morton*, 161 Ala. 153). Nothing to the contrary was held in *Braun v. Buffalo Gen. El. Co.* (200 N. Y. 484) or *Wittleder v. Citizens Electric Ill. Co.* (47 App. Div. 410). In those cases, the accidents were well within the range of prudent foresight (*Braun v. Buffalo Gen. El. Co.*, *supra*, at p.

494). That was also the basis of the ruling in *Nelson v. Branford Lighting & Water Co.* (75 Conn. 548, 551). There is, we may add, a distinction, not to be ignored, between electric light and trolley wires. The distinction is that the former may be insulated. Chance of harm, though remote, may betoken negligence, if needless. Facility of protection may impose a duty to protect. With trolley wires, the case is different. Insulation is impossible. Guards here and there are of little value. To avert the possibility of this accident and others like it at one point or another on the route, the defendant must have abandoned the overhead system, and put the wires underground. Neither its power nor its duty to make the change is shown. To hold it liable upon the facts exhibited in this record would be to charge it as an insurer.

The judgment should be reversed and a new trial granted, with costs to abide the event.

HISCOCK, Ch. J., CHASE, COLLIN, HOGAN, CRANE and ANDREWS, JJ., concur.

Judgments reversed, etc.