FLORENCE M. POLSEY, Respondent, *v.* WALDORF-ASTORIA, INC., Appellant, Impleaded with ROBERT H. PARKER, Defendant.

First Department, June 3, 1927.

Innkeepers — action for injuries suffered when floor lamp in reception room of defendant's hotel fell on plaintiff, guest of hotel — plaintiff contends that floor lamp, which weighed approximately two hundred pounds, was tipped over when individual defendant leaned back in his chair — negligence cannot be predicated on fact that floor lamp was heavy and of massive appearance — negligence cannot be imputed to hotel owner for failure to anticipate act of individual defendant — evidence does not show that lamp was so topheavy that it would be liable to fall with slightest contact by guest.

This is an action to recover for injuries suffered by the plaintiff when a floor lamp in the reception room of defendant's hotel fell upon her. The lamp was about seven feet tall, weighed approximately two hundred pounds and was attached to wooden legs two feet apart. Plaintiff's contention is that the individual defendant leaned his chair against the lamp and caused it to topple over. Negligence cannot be predicated on the fact that the lamp was not fastened to the floor or that it was of massive appearance nor can the appellant be held liable for failure to anticipate a misuse by a guest, the individual defendant in this case, of an article of common use.

If the lamp was so topheavy that it would be liable to fall with the slightest contact, a lack of care by the appellant would be indicated. But the plaintiff's evidence fails to establish this fact. The only evidence submitted by her was that just before the lamp fell she noticed that the front legs of the individual defendant's chair were off the floor about an inch and a half, but there is no evidence to show how much force was applied by him to the lamp before it fell.

APPEAL by the defendant, Waldorf-Astoria, Inc., from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 12th day of May, 1926, upon the verdict of a jury for $4,500.

*Clarence S. Zipp* of counsel [*E. C. Sherwood*, attorney], for the appellant.

*Herman M. Frank*, for the respondent.

First Department, June, 1927.      [Vol. 220

Finch, J.   Plaintiff claims damages for personal injuries because of the alleged negligence of the defendant, appellant, in that a portable floor lamp in the reception room of the defendant's hotel fell upon the plaintiff when another guest tilted a chair against the lamp.

The facts, in so far as necessary to show the reasons for this decision, briefly, are as follows: The defendant, appellant, maintains a hotel.   The accident occurred in a reception room thereof, known as the " Oak Room."   Plaintiff, a guest of the hotel, was seated upon a settee in front of a fireplace.   On either side of this settee was a floor lamp.   The defendant Parker, also a guest of the hotel, was seated in a chair near one of these lamps, the back of the chair towards the lamp.   According to the plaintiff's testimony, while seated on the settee as aforesaid she observed the lamp nearest her in the act of falling over upon her, and approximately at the same time saw the defendant Parker tilted back in his chair, or, as the plaintiff describes it, " the man was resting back and the two front legs of the chair were slightly up from the floor."   The plaintiff subsequently approximated the distance that the two front legs of the chair were off the floor as about one and one-half inches.   The plaintiff attempted to avoid the falling lamp, but the stem of the lamp struck her upon the head and the shoulder.   The lamp in question was about seven feet tall, weighed about 200 pounds and was chiefly of oak wood to correspond with the furnishings of the room.   It had a metal stem attached to three wooden legs two feet apart, terminating in claw-feet about eight inches in diameter, and rested firmly on the floor.   There was a cluster of about a dozen lights with as many small shades, not of glass and very light in weight.   The defendant Parker is six feet tall, weighing some 190 pounds.   The chair which he tilted against the lamp was a massive, high-backed chair weighing 90 to 100 pounds.

In her complaint the plaintiff alleged that the lamp was pushed over by the defendant Parker, and that the defendant, appellant, was negligent in failing to have the lamp securely fastened or properly supported.   In answer to a demand, plaintiff furnished a bill of particulars stating that her claim that the lamp was not securely fastened or properly supported was based upon the fact that the said lamp, " although it was in appearance fastened to the floor and although in appearance it seemed to be made of metal or of marble,   *   *   *   was, in truth and in fact, not fastened to the floor, not made of metal or of marble and was in truth and in fact, and as plaintiff saw at the time of the accident, in a weak, unsupported and dangerous condition, easily pushed and easily broken."

In so far as the plaintiff relies upon the mere appearance of the lamp, there was no testimony showing that it appeared in fact to have been fastened to the floor. That it was of massive appearance is not in itself a sufficient ground upon which to predicate a claim of negligence. A floor lamp is an article of common use made for the very purpose of being moved from point to point in the room as occasion may arise. The comparative size and weight of such a lamp does not necessarily require it to be made fast to the floor lest someone might use it for a purpose for which it was not intended. As well might it be contended that a massive chair might induce a hilarious guest to stand on the arm of the chair and, in the event of an accident, attempt to hold the owner for negligence upon the ground that the apparent massiveness of the chair warranted him in climbing upon its arm and thereby led him into a trap. No negligence can be imputed to the defendant, appellant, for a failure to anticipate a misuse by a guest of an article of common use. The facts cannot fairly be viewed in the light of the accident having occurred. The question is whether the accident should have been anticipated. As was said by the late Chief Judge WILLARD BARTLETT in *Paul* v. *Consolidated Fireworks Co.* (212 N. Y. 117, 120): "Negligence is not a matter to be judged after the occurrence; it is always a question of what reasonably prudent men under the same circumstances would or should, in the exercise of reasonable care, have anticipated." Also in *McKinney* v. *N. Y. Consolidated R. R. Co.* (230 N. Y. 194, 198) Judge McLAUGHLIN said: "The law does not impose a duty to guard against that which does not naturally suggest itself to a careful and prudent man as something which should be guarded against and which is very unlikely to occur. * * * *"

It being impossible, therefore, to impute any negligence to the defendant, appellant, hotel because the lamp was not fastened to the floor and because it was of massive appearance, we next come to the question as to whether the lamp was of such instability as to be too easily toppled over. In a public reception room in a large hotel it would indicate a lack of care to have a floor lamp so topheavy that it would be liable to fall with the slightest contact, such as merely being brushed against. There was, therefore, presented upon this phase of the matter an issue of fact. The meagre evidence, however, presented in this record fails to sustain any finding upon this score, and if the jury predicated negligence upon this issue, such finding was clearly against the weight of the evidence. On the side of the plaintiff, the only testimony submitted to sustain such a finding is an inference to be derived from her testimony that when she observed the lamp in the act of falling,

the chair occupied by the guest Parker then had its two front legs only about one and one-half inches from the floor. Whether the chair was then ascending or descending does not appear. Hence even this possible inference is weakened, since the probabilities are that the chair was descending. On the side of the defendant, appellant, is evidence that the lamp had been in that place for many years, and the further fact, not contradicted, that there was no defect in the lamp previous to the falling and that it rested firmly upon the floor and in the manner heretofore described. The plaintiff had the burden of proof on this issue of negligence, and more was needed than the doubtful inference to be drawn from the position of the chair at the time when the lamp was actually falling. There is thus no proof in the record of the degree of force which was applied against the lamp in causing it to fall.

It follows that the judgment appealed from should be reversed as to the defendant Waldorf-Astoria, Inc., and a new trial granted as to said defendant, with costs to the appellant to abide the event.

DOWLING, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment reversed as to the defendant Waldorf-Astoria, Inc., and a new trial ordered as to said defendant, with costs to the appellant to abide the event.