### PICKERING v. CORSON.
### No. 6993.

Circuit Court of Appeals, Seventh Circuit. Dec. 18, 1939.

Rehearing Denied Jan. 11, 1940.

---

Julius Fishman, Samuel Fishman, Jacob M. Fishman, John B. King, and Edward H. S. Martin, all of Chicago, Ill., for appellant.

Corwin D. Querrey and Joseph Harrow, both of Chicago, Ill., for appellee.

Before SPARKS, MAJOR, and KERNER, Circuit Judges.

KERNER, Circuit Judge.

This appeal is from a judgment in favor of the plaintiff in an action for the recovery of damages alleged to have been caused by the negligence of defendant.

The complaint alleged in substance that on June 13, 1937 defendant was driving her automobile upon U. S. Highway No. 41 about two miles north of Schneider, Indiana, and that at the same time and place plaintiff was driving her automobile, exercising due care for her own safety, along the same highway in an opposite direction; that it was the duty of the defendant to operate her automobile with care and caution and to have due regard for the safety of all persons on said highway; that defendant, not regarding her duty in the premises, negligently and improperly operated her automobile and ran it into and struck plaintiff's automobile with great force and violence and as a result plaintiff sustained severe and permanent injuries.

Defendant denied generally and specifically the allegations of the complaint and alleged that plaintiff was not in the exercise of ordinary care for her own safety. The jury returned a verdict for plaintiff, judgment was entered thereon, and defendant appeals to this court.

There is no dispute or conflict as to the salient facts.

It appears that on June 13, 1937, between 10 and 10:30 A. M., defendant was driving her Plymouth automobile in an easterly direction on a paved highway eighteen feet wide. It was an open level highway, running east and west, with turns at each end of the east-westerly stretch. It is not clear as to the length of this road as it runs east and west. Vehicles driven eastward turn into the road from the north, and those driven to the west enter from the south. There was a conflict as to the exact place of the accident, plaintiff's testimony designating the place about two or three blocks east of the west curve, while that of defendant tended to prove it about 100 to 200 feet east of the west curve.

The defendant, driving her automobile south on this highway, came to the turn of the road going in an easterly direction; she turned and continued east on the right side of the road. About that time plaintiff was driving north on the same highway and when she came to the turn of the road going west, she turned and proceeded west on the north side of the road. As the two automobiles approached each other, a Ford automobile, also traveling eastward, cut in front of defendant's automobile to the left and struck the left front end of her automobile, knocking it off the road onto a patch of loose, sticky tarred gravel; she was unable to steer her automobile; it crossed over the center line to the north and collided with plaintiff's automobile. The Ford continued on, and the driver was never apprehended.

William A. Loman testified that while driving his automobile he saw defendant driving her automobile; that between defendant's automobile and his automobile was a third automobile, also being driven to the east; it (the third automobile) pulled around defendant's automobile, cut in front of it and struck the front end of defendant's automobile, throwing it on to the right shoulder of the road; it skidded and started back across the road. At that moment he saw plaintiff's automobile, 100 feet away, and all at once they crashed.

Daniel A. Corson, defendant's brother-in-law, testified that he was in defendant's automobile at the time of the accident, occupying the right front seat; that as they were proceeding in an easterly direction a Ford sedan cut in and struck the left front of defendant's automobile, forcing it about

two feet off the road upon the shoulder of the road which had been freshly oiled or tarred.

In substance the plaintiff's testimony was to the effect that the accident occurred on a two-lane, open, level, unobstructed concrete highway some distance out of Schneider, Indiana; that as she was driving her automobile westward at a reasonable rate of speed, she saw defendant driving her automobile toward the east; that each was in her proper lane and that the automobiles were about a block apart; that at that moment plaintiff also saw a large black sedan pass defendant's automobile; that she did not know what it did to defendant's automobile, but she did see defendant's automobile pull off the road and return quickly—in about one second—to the north side of the road directly in the path of plaintiff's automobile, where the automobiles collided. At the moment of the collision the right wheels of plaintiff's automobile were off the north edge of the road.

Motions to instruct the jury to find defendant not guilty, tendered after the hearing of plaintiff's case and at the close of all the evidence, were denied by the court. Defendant contends that the evidence is wholly insufficient to support the verdict, and she insists that the injury to the plaintiff was caused by the Ford automobile, without any fault or neglect on her part. In this we think she is correct.

To sustain a verdict for damages for personal injuries it is incumbent upon the plaintiff to prove defendant was guilty of negligence, that is, the omission to do something which a reasonable person, guided upon those considerations which ordinarily regulate the conduct of human affairs, would do, or doing something which a prudent and reasonable person would not do. In other words, negligence is the absence of care, according to the circumstances. Vaughan v. Taff Vale Ry. Co., 157 Eng.Rep. 1351. In the instant case, the defendant at the time of and immediately before the collision was bound to use the care and caution to avoid collision which an ordinarily careful and prudent person would have exercised under the same circumstances, and the inquiry is not whether the accident might have been avoided if the defendant had anticipated it but whether, taking the circumstances, as they then existed, she was negligent in failing to anticipate and provide against the occurrence. She could not be charged with the duty of using every possible precaution to avoid injuring others; rather she was only required to use such reasonable precautions to prevent accidents as would have been adopted by prudent persons prior to the accident.

Nor must we forget that one who seeks redress at law does not make out a cause of action by showing without more that there has been damage to his person, Palsgraf v. Long Island R. Co., 248 N.Y. 339, 162 N.E. 99, 101, 59 A.L.R. 1253; Paul v. Consolidated Fireworks Co., 212 N.Y. 117, 105 N.E. 795; Adams v. Bullock, 227 N.Y. 208, 125 N.E. 93, and no inference of negligence arises from the happening of an automobile accident, Liggett & Myers Tobacco Co. v. De Parcq, 8 Cir., 66 F.2d 678.

This court will not examine the evidence to determine its weight but will examine the record to determine whether there is any evidence fairly tending to establish negligence on the part of the defendant. It is true that the question of negligence and contributory negligence are ordinarily questions of fact to be passed upon by the jury. It has, however, come to be regarded as a legal question so far as a motion to direct a verdict is concerned, where upon the uncontroverted facts the minds of all reasonable men must agree upon one conclusion. Campbell v. Chicago, R. I. & P. Ry. Co., 243 Ill. 620, 622, 90 N.E. 1106; Heimann v. Kinnare, 190 Ill. 156, 160, 60 N.E. 215, 52 L.R.A. 652, 83 Am.St. Rep. 123; Austin v. Public Service Co., 299 Ill. 112, 132 N.E. 458, 17 A.L.R. 795.

Our case comes to this: Defendant, driving her automobile eastward on an open paved highway, in the accustomed lane of traffic, with care and caution for the safety of all persons on the highway, is suddenly struck by a Ford sedan, throwing defendant's automobile off the road upon loose sticky tarred gravel, forcing her to lose control of her automobile so that it runs in an instant diagonally across the highway into the path of plaintiff's automobile, injuring her. Where is the absence of care? What did she omit to do, which a reasonable person would have done? Or what did she do, which a prudent and reasonable person would not have done? So far as appears defendant is blameless. There is not the slightest evidence tending to show any negligence on her part. This record is too speculative, in view of the uncontradicted proof, to justify holding her liable for negligence.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

### On Petition for Rehearing.

Petitioner argues that the defendant violated Rule 50 of the Federal Rules of Civil Procedure in not stating the basis or ground for her motion requesting a direction of the verdict, and concludes that hence defendant precluded herself from raising the question in this court.

We are satisfied that petitioner's argument is not meritorious. The record on appeal discloses that the defendant conformed with the Federal Rules of Civil Procedure and our appellate rules in this regard. At the end of the plaintiff's case, the defendant presented the trial court with a formal written motion for directed verdict and accompanied this action with an oral statement of the precise ground therefor. See Rules 7(b) (1), 50(a), and 75(g) of the Federal Rules of Civil Procedure. 28 U.S. C.A. following section 723c. See also Rules 9 and 10 of our appellate rules (or our former rules 10 and 13).

We note, too, that petitioner does not say that this court is powerless to consider this question, in view of the contention made. The petition for rehearing is denied.

Denied.