In an action to recover damages for wrongful death of plaintiff’s, intestate, judgment in favor of plaintiff, entered in accordance with the verdict of a jury, affirmed, with costs. No opinion. Appeal, insofar as it is from the denial of defendant’s motion for a new trial, at the conclusion of the trial, dismissed, without costs. Nolan, P. J., Carswell and Wenzel, JJ., concur; Sneed, J., concurs for dismissal of defendant’s appeal from the denial of its motion for a new trial but dissents as to affirmance of the judgment and votes to reverse and to dismiss the complaint, with the following memorandum: Intestate was killed on defendant’s property when the boom of his employer’s crane came in contact with a high voltage wire 22% feet above the ground. On the day of the accident the crawler type crane carrying that boom was delivered to defendant’s property on the platform of the employer’s truck. The crane Avas being unloaded from the truck when the accident occurred. Defendant had no knowledge that the crane was so delivered or that it was being so unloaded. There was no proof that the wire was not in good order. It may not be held that the placing of the truck with the crane upon it directly beneath the high tension wire and there undertaking to unload the crane from the truck was a situation reasonably to be foreseen by defendant. (Rowley v. Newburgh Light, Heat & Power Co., 151 App. Div. 65; Troidle v. Adirondack Power & Light Corp., 252 N. Y. 483; Adams v. Bullock, 227 N. Y. 208.) Moreover, there was uncontroverted proof that before the crane was so delivered defendant’s chief engineer had informed intestate’s employer that the wire carried high voltage. That was sufficient notice thereof to the employees of Avhom intestate was one. (Storm v. New York Tel. Co., 270 N. Y. 103, 109.) McCrate, J., dissents and votes to reverse the judgment and to grant y noiv tria] on the ground that the verdict is against the weight of the evidence.